431 So.2d 736 (1983)
STATE of Florida, Appellant,
v.
Marie Wolff GAINES, Appellee.
No. 82-1416.
District Court of Appeal of Florida, Fourth District.
May 25, 1983.
*737 Jim Smith, Atty. Gen., Tallahassee, and Sharon Lee Stedman, Asst. Atty. Gen., West Palm Beach, for appellant.
James I. Cohn, Fort Lauderdale, for appellee.
GLICKSTEIN, Judge.
This is the case of a self-proclaimed "evil stepmother" who entered into serious discussions with other persons, one of whom  unknown to her  was a detective, to effect the maiming of her stepson, but who stopped short of committing the crime of solicitation. Therefore, we affirm the trial court's dismissal of the information but perpetually memorialize her invidious conduct by this opinion.
Section 777.04(2), Florida Statutes (1981), provides:
Whoever solicits another to commit an offense prohibited by law and in the course of such solicitation commands, encourages, hires, or requests another person to engage in specific conduct which would constitute such offense or an attempt to commit such offense commits the offense of criminal solicitation and shall, when no express provision is made by law for the punishment of such solicitation, be punished as provided in subsection (4).
In discussing the crime of solicitation, W.R. LaFave and A.W. Scott, Jr., in Handbook on Criminal Law, section 58, p. 414 state:
For the crime of solicitation to be completed, it is only necessary that the actor, with intent that another person commit a crime, have enticed, advised, incited, ordered or otherwise encouraged that person to commit a crime. The crime solicited need not be committed.
(Emphasis supplied.) The uncontradicted facts of this case establish that appellee reached the threshold of the crime but never crossed it. Her conversations with these other individuals evidenced unrestrained malice and spite. Nevertheless, she saved herself from criminal prosecution  not by saying that the act would take place some months in the future  but by making it plain that she would make her decision at that time whether the "hit man" (in reality the undercover detective) should proceed.
We recognize that intent is normally not an issue to be decided by a motion to dismiss filed pursuant to Florida Rule of Criminal Procedure 3.190(c)(4). See State v. J.T.S. and G.R.W., 373 So.2d 418, 419 (Fla. 2d DCA 1979), which held:
Intent is not an issue to be decided on a motion to dismiss under Rule 3.190(c)(4), Florida Rules of Criminal Procedure, since intent is usually inferred from the acts of the parties and the surrounding circumstances; being a state of mind, intent is a question of fact to be determined by the trier of fact, who has the opportunity to observe all of the witnesses. State v. West, 262 So.2d 457 (Fla. 4th DCA 1972).
However, in this case, the transcripts of the conversations establish, without question, that appellee would decide at a later date if she wished the "hit man" to proceed. Accordingly, *738 the record establishes as a matter of law the absence of any present intent by appellee that another person commit a crime  today or in the future.
WALDEN, J., concurs.
ANSTEAD, J., concurs specially with opinion.
ANSTEAD, Judge, specially concurring:
I fully concur in the majority opinion and write separately only to note that subsection 5 of section 777.04, Florida Statutes, declares that renunciation is a defense to the charge of criminal solicitation. Among the arguments in favor of allowing the defense is that the solicitor who is able to escape liability may prevent solicited crimes from occurring. See W.R. LaFave & A.W. Scott, Jr., Criminal Law § 58 at 420-21 (1977). Appellee clearly left the door open to renounce; she had the time and the incentive to do so. Since the facts are undisputed, the order of the trial court may also be affirmed on the existence in Florida of the statutory defense of renunciation.