PER CURIAM.
This is an appeal by the defendant Javier Luzarraga a/k/a Louis Perez from judgments of conviction and sentences for (1) purchasing cocaine, (2) solicitation to sell cocaine, (3) willfully fleeing a police officer, and (4) resisting arrest without violence. We reject the defendant’s contention on appeal attacking the sufficiency of the evidence to support the solicitation conviction and hold that it is no defense to a charge of solicitation to sell cocaine that the person the defendant solicited was an undercover police officer engaged in a “reverse sting” police operation; we think the defendant’s culpability in soliciting the undercover officer herein to commit such a crime should be measured by the circumstances which the defendant believed them to be, not by the fact that he foolishly selected an undercover police officer to solicit who surrepticiously intended to arrest the defendant after the solicited sale was completed. § 777.04(2), Fla.Stat. (1989); W. LaFave and A. Scott, Criminal Law § 6.1, at 15 (1986). “ ‘For the crime of solicitation to be completed, it is only necessary that the [defendant], with intent that another person commit a crime, have enticed, advised, incited, ordered or otherwise encouraged that person to commit a crime.’ ” State v. Gaines, 431 So.2d 736, 737 (Fla. 4th DCA 1983) (quoting from W. LaFave and A. Scott, Criminal Law § 58, at 414) (emphasis omitted). It is therefore of no moment as to who the person solicited was or what that person’s motives or intent might have been at the time he was solicited to commit the subject crime. It is enough that the defendant, with requisite criminal intent, solicited another to commit a crime.
The defendant raises no other points on appeal. Accordingly, the judgments of conviction and sentences under review are hereby
Affirmed.