UNITED STATES of America,
Plaintiff–Appellee,

v.

Rogelio GARZA, Defendant–Appellant.

No. 92–1899.

United States Court of Appeals,
Sixth Circuit.

Submitted July 2, 1993.

Decided Aug. 4, 1993.

Jennifer J. Peregord (briefed), Kathleen Moro Nesi, Asst. U.S. Atty., Detroit, MI, for plaintiff-appellee.

Robert A. Betts (briefed), Caro, MI, for defendant-appellant.

Before: JONES and MILBURN, Circuit Judges; and LIVELY, Senior Circuit Judge.

LIVELY, Senior Circuit Judge.

This is an appeal by a convicted drug trafficker from a thirty-year prison sentence imposed after the district court determined that the defendant is a "career offender." On appeal the defendant argues that there is an inconsistency in two provisions of the Sentencing Reform Act of 1984, 28 U.S.C. § 991 et seq., the statute which created the United States Sentencing Commission and defined its duties. The defendant contends that these inconsistencies resulted in Congress' failing to give the Commission an "intelligible principle" by which the Commission could draft the career offender provisions of the sentencing guidelines. Having considered the defendant's arguments at length, we affirm.

I.

A.

Under the United States Sentencing Guidelines (U.S.S.G.) a defendant convicted of a felony that is either a controlled substance offense or a crime of violence and who was at least eighteen years old at the time he committed two or more prior felonies that are either crimes of violence or controlled substance offenses must be sentenced as a career offender. The consequence of being found a career offender is that the court

must impose a longer sentence than the one otherwise applicable to the offense for which the defendant is being sentenced. This results from an increase in the offense level and a requirement that the defendant be sentenced under the highest criminal history category, Category VI. U.S.S.G. § 4B1.1.

### B.

The defendant Rogelio Garza was found guilty by a jury on five counts involving possession, distribution and delivery of cocaine in violation of 21 U.S.C. § 841(a)(1). Because of the amounts of cocaine involved, the maximum sentence for the defendant's crimes is life imprisonment. 21 U.S.C. § 841(b)(1)(A)(ii)(II). The parties agree that the offense level total of 30 and the criminal history category of IV as calculated by the probation officer in a presentence report were correct for these offenses. They also agree that these calculations resulted in a Guideline Range of 135 to 168 months' imprisonment.

The presentence report pointed out, however, that Garza should be sentenced as a career offender because of an earlier conviction for delivery of marijuana and two earlier convictions for assault. Applying the table contained in U.S.S.G. § 4B1.1, an offense carrying a statutory maximum of life imprisonment, when committed by a career offender, 4 is assigned an offense level of 37. Under the Sentencing Table in Chapter Five of the Guidelines, offense level 37 combined with criminal history category VI produces a sentencing range of 360 months to life. The district court sentenced Garza to 360 months in prison.

### II.

### A.

Garza received very mild sentences (probation, 5 months' custody and 8 months' custody) upon his three earlier convictions that provided the predicate for the career offender determination. He contended at the sentencing hearing and argues on appeal that these sentences indicate that his earlier crimes were not of the magnitude that should be required to treat a person as a career

offender. Such light sentences should lead the court sentencing him for the current conviction to inquire into the facts surrounding his earlier convictions to determine if there were mitigating circumstances.

Garza's legal argument is that U.S.S.G. § 4B1.1 fails to follow the statutory provisions prescribing the duties of the Commission found in 28 U.S.C. § 994. This is so, he maintains, because § 4B1.1 bases career offender status on the fact of prior convictions within certain categories (controlled substances and crimes of violence) without taking into account the circumstances surrounding these earlier convictions. He relies on 28 U.S.C. § 994(c)(2), which provides:

(c) The Commission, in establishing categories of offenses for use in the guidelines and policy statements governing the imposition of sentences of probation, a fine, or imprisonment, governing the imposition of other authorized sanctions, governing the size of a fine or the length of a term of probation, imprisonment, or supervised release, and governing the conditions of probation, supervised release, or imprisonment, shall consider whether the following matters, among others, have any relevance to the nature, extent, place of service, or other incidents [sic] of an appropriate sentence, and shall take them into account only to the extent that they do have relevance—

\*    \*    \*    \*    \*    \*

(2) the circumstances under which the offense was committed which mitigate or aggravate the seriousness of the offense;
. . . .

As Garza points out, § 4B1.1 was promulgated by the Commission in response to 28 U.S.C. § 994(h), which states:

(h) The Commission shall assure that the guidelines specify a sentence to a term of imprisonment at or near the maximum term authorized for categories of defendants in which the defendant is eighteen years old or older and—

(1) has been convicted of a felony that is—

(A) a crime of violence; or

(B) an offense described in section 401 of the Controlled Substances Act (21 U.S.C. 841).... and

(2) has previously been convicted of two or more prior felonies, each of which is—

(A) a crime of violence; or

(B) an offense described in section 401 of the Controlled Substances Act (21 U.S.C. 841)....

By failing to qualify the command of § 994(h) by reference to the requirement of § 994(c)(2), according to Garza, Congress failed to provide the Commission with an "intelligible principle" for drafting the career offender provisions of the Guidelines found at § 4B1.1. As a result of this failure the Commission did not give consideration to mitigating and aggravating circumstances in defining the felonies that serve as predicate convictions for career offender determinations.

Part K of Chapter Five of the Guidelines provides for departures from guideline ranges. Section 5K2.0 permits a sentencing court to impose a sentence outside the range established by the applicable guideline if the court finds " 'that there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the guidelines that should result in a sentence different from that described.' " (quoting 18 U.S.C. § 3553(b)). Garza argues that he should be permitted to show mitigating circumstances surrounding the prior offenses that the Commission did not take into account in formulating the career offender guidelines. Thus, in the district court, he sought a downward departure from the 360–month sentence on the basis of mitigating circumstances indicated by the minimal sentences he received for the prior offenses.

### B.

As it did in the district court, the government argues that there is no inconsistency between sections 994(c)(2) and 994(h). The reference to "categories of offenses" in § 994(c)(2) refers to the instant offense for which a currently-convicted person is being sentenced, not to the prior offenses that form the basis for the career offender determination. It is only with respect to the current conviction that categories of offenses must take into account circumstances that mitigate or aggravate the seriousness of the offense. There is no requirement that the Commission consider such circumstances, if any, surrounding the prior felonies for which the defendant was convicted. The fact that the defendant has been convicted previously of offenses described in § 994(h) and U.S.S.G. § 4B1.1 automatically establishes career offender status. There is no occasion to inquire into any facts surrounding the earlier convictions, according to the government.

### C.

The district court agreed with the government, stating that the § 994(c) requirement that the Commission establish categories of offenses refers to sentences of conviction and cannot "properly be interpreted as referring to offenses of record before the offense of conviction." It follows, the court stated, that a sentence imposed upon an earlier conviction cannot be treated as a mitigating factor by the sentencing court. If a prior conviction was for an offense involving controlled substances or a crime of violence as defined in U.S.S.G. § 4B1.2 there can be no further inquiry into the factual underpinnings of those offenses in the sentencing court's determination of career offender status.

### III.

Although not specifically so denominated, the defendant's arguments amount to a contention that Congress made a defective delegation of authority to the Sentencing Commission by failing to reconcile the command of 28 U.S.C. § 994(c)(2) for consideration of mitigating circumstances, where relevant, with the absolute requirements of 28 U.S.C. § 994(h), as reflected in U.S.S.G. § 4B1.1, for identifying and fixing the punishment of career offenders.

This argument derives from Chief Justice Taft's statement in *J.W. Hampton, Jr. & Co. v. United States,* 276 U.S. 394, 409, 48 S.Ct. 348, 352, 72 L.Ed. 624 (1928) that when Congress authorizes another body or person

to perform duties created by a legislative act, such authorization is not a forbidden delegation of power if the legislative act lays down an "intelligible principle" to which the body or person is directed to conform. The Supreme Court relied upon this very passage from *Hampton* in holding that Congress did not indulge in a forbidden delegation when it created the Sentencing Commission and gave it the power to promulgate sentencing guidelines for all federal crimes. *Mistretta v. United States*, 488 U.S. 361, 371–72, 109 S.Ct. 647, 654, 102 L.Ed.2d 714 (1989). If Garza were seeking to have the Act creating the Sentencing Commission held unconstitutional as an unlawful delegation of congressional power, his argument would be foreclosed by *Mistretta*. What he argues, however, is that the "inconsistency" between 28 U.S.C. § 994(c)(2) and § 994(h) caused the Commission to promulgate a range of sentences for career offenders in U.S.S.G. § 4B1.1 that ignores the command of 18 U.S.C. 3553(b) and 28 U.S.C. § 994(c)(2) that mitigating circumstances be considered.

### IV.

■ As an interpretation of the Guidelines, the district court's determination that Garza is a career offender is a question of law subject to de novo review. *United States v. Beckner*, 983 F.2d 1380, 1383 (6th Cir. 1993).

### A.

■ The district court correctly concluded that § 994(c)(2) refers to the offense for which the defendant has been convicted and is being sentenced by the district judge, not to the earlier offenses for which the defendant was convicted. Section 994(c) directs the Commission to take such matters as mitigating circumstances into consideration "in establishing categories of offenses for use in guidelines" and in policy statements related to various forms of punishment. The Commission adhered to this requirement in Chapters Two and Three of the Guidelines. Chapter Two identifies federal offenses and assigns a base offense level to each offense. This chapter, dealing with "offense conduct," also identifies "more specific offense charac-

teristics that adjust the offense level upward or downward." And in Chapter Three, which deals with "adjustments," the Commission provided for increasing and decreasing offense levels established in Chapter Two if certain conditions are present. These adjustments deal extensively with circumstances surrounding the offenses for which the defendant is being sentenced, both aggravating and mitigating.

On the other hand, the Commission placed the career offender provisions of the Guidelines in Chapter Four, which deals with "criminal history and criminal livelihood." Chapter Four does not "establish[ ] categories of offenses," but provides for increases in sentences otherwise applicable if the defendant is a repeat offender. In Chapter Four the Commission was concerned with the defendant's past criminal history, not with categories of offenses for which he was then being sentenced.

In defining career offenders and providing enhanced punishment for such persons the Commission was carrying out a separate direction by Congress, found in 28 U.S.C. § 994(h). Both U.S.S.G. § 4B1.1 and 28 U.S.C. § 994(h) accurately reflect the command of 18 U.S.C. § 3553(a) that among the factors to be considered in imposing a sentence are the history and characteristics of the defendant and the need for the sentence imposed "to afford adequate deterrence to criminal conduct" and "to protect the public from further crimes of the defendant." When read in context, references in 18 U.S.C. § 3553(a) and (b) to "circumstances of the offense" and the existence of "aggravating or mitigating circumstances" clearly refer to the offense for which sentence is being imposed by the district judge, not to circumstances surrounding the offenses for which the defendant has been convicted at an earlier time.

### B.

■ Upon consideration of the statutory provisions relied upon by the defendant, we find no lack of an "intelligible principle" in Congress' charge to the Commission. We further believe that the Commission acted

within its authorization in making career offender determinations depend upon the existence of prior convictions for categories of felonies without regard to circumstances surrounding the offenses that led to those convictions. Common sense supports this conclusion. Garza's previous convictions were in state courts where state laws relating to offenses and sentencing controlled. It is immaterial that he received lenient sentences in state courts for offenses that Congress deemed so serious as to warrant a lengthy enhancement following conviction in a federal court for a crime of the same category. The sentencing federal judge must determine that the earlier convictions were for felonies within the categories listed in U.S.S.G. § 4B1.1, as defined in § 4B1.2. Nothing in 28 U.S.C. § 994 or 18 U.S.C. § 3553 requires the judge to inquire into the circumstances surrounding the offenses which led to those convictions.

## V.

We have found no case in which a defendant contested a determination of career offender status in reliance on the precise arguments that Garza makes in this case. There are, however, several reported decisions that support our reasoning. These cases typically concern whether a prior offense fits the definition of "crime of violence" and direct how that determination is to be made. In answering this definition question the opinions in these cases address the question of whether a sentencing court should inquire into the underlying facts of the predicate felony convictions.

In *Taylor v. United States,* 495 U.S. 575, 110 S.Ct. 2143, 109 L.Ed.2d 607 (1990), a case that arose under the Armed Career Criminal Act, the Court dealt with a sentence enhancement provision applicable to a defendant convicted for unlawful possession of a firearm. The enhancement statute, 18 U.S.C. § 924(e), directs a longer prison sentence if the person to be sentenced has three prior convictions for specified types of offenses. Finding that the Act embodies a "formal categorical approach" to enhancement provisions, the Supreme Court agreed with the courts of appeals which have held

that this categorical approach requires "looking only to the statutory definitions of the prior offenses, and not to the particular facts underlying those convictions." *Id.* at 600, 110 S.Ct. at 2159 (citations omitted).

In a case decided after *Taylor* the Court of Appeals for the Ninth Circuit found that the same considerations which led the Supreme Court to adopt the categorical approach in *Taylor* were just as valid in considering predicate convictions under the career offender provisions of the Guidelines. *United States v. Becker,* 919 F.2d 568, 570 (9th Cir. 1990), *cert. denied,* 499 U.S. 911, 111 S.Ct. 1118, 113 L.Ed.2d 226 (1991). Among these considerations are the impracticality and potential unfairness of relitigating the prior criminal charges as part of the sentence determination. *Id.*

A somewhat different approach was taken by the court in *United States v. John,* 936 F.2d 764 (3d Cir.1991). In *John* the court concluded that the definition of "crime of violence" in U.S.S.G. § 4B1.2(1) incorporated three independent ways by which a prior conviction is to be considered a crime of violence. If the prior conviction is for an offense listed in § 4B1.2(1), or is for a crime which, although not specifically enumerated, has as an element of the offense the use, attempted use, or threatened use of force, there can be no inquiry into the underlying facts. By specific definition, the prior conviction for such a felony qualifies as a predicate for finding career offender status. If, on the other hand, the prior conviction is for a crime that, while neither enumerated nor having physical force as an element, nevertheless involves conduct posing "a serious potential threat of physical injury to another," the sentencing court should determine from the facts surrounding the offense whether the conviction satisfies this third basis for determining that it was a crime of violence. 936 F.2d at 767.

It is not necessary under the facts of this case for us to decide whether we agree with the conclusions of the *John* court that there are cases in which it is proper for the sentencing court to inquire into the underlying facts surrounding a predicate conviction. Two of Garza's earlier convictions were for offenses specifically enumerated in the defi-

1053

nition section. One was for a "controlled substance offense" as there defined and the other was for aggravated assault, one of the offenses specifically listed as a "crime of violence" in Application Note 2, part of the Commentary to § 4B1.2. See *Stinson v. United States*, — U.S. —, 113 S.Ct. 1913, 123 L.Ed.2d 598 (1993) (The Guidelines Manual's commentary which interprets or explains a guideline is authoritative unless it violates the Constitution or a federal statute, or is inconsistent with, or is a plainly erroneous reading of that guideline.).

We are aware of only one decision in which a court refused to sentence a defendant as a career offender because of the relatively minor nature of his qualifying prior convictions. See *United States v. Spencer*, 817 F.Supp. 176 (D.D.C.1993). We can sympathize with the district judge's anguish over the dilemma he faced in sentencing a young man to 360 months whose drug activities may have resulted from addiction. The *Spencer* court found the 360–month requirement unconstitutional under the facts of that case. We do not have similar facts or a claim of unconstitutionality before us in this case.

The judgment of the district court is affirmed.