**UNITED STATES of America, Plaintiff–Appellee,**

v.

**William F. DOLT, III, Defendant–Appellant.**

**No. 93–5768.**

United States Court of Appeals, Sixth Circuit.

Submitted April 4, 1994.

Decided June 23, 1994.

Terry Cushing, Asst. U.S. Atty. (briefed), Stephen B. Pence, Asst. U.S. Atty., Office of the U.S. Atty., Louisville, KY, for plaintiff-appellee.

G. Murray Turner (briefed), Mulhall, Turner & Hoffman, Louisville, KY, for defendant-appellant.

Before: MERRITT, Chief Judge; and KENNEDY and NELSON, Circuit Judges.

MERRITT, Chief Judge, delivered the opinion of the court, in which NELSON, Circuit Judge, joined. KENNEDY, Circuit Judge (pp. 10–12), delivered a separate concurring opinion.

MERRITT, Chief Judge.

Defendant William Dolt III appeals his sentence imposed upon his plea of guilty to possession with intent to distribute and distribution of cocaine, in violation of 21 U.S.C. § 841(a)(1). He raises a single issue on appeal: whether the district court erred when it sentenced him as a career offender pursuant to the United States Sentencing Guidelines. Specifically, he argues that the court erroneously relied upon a prior Florida "solicitation" to traffic in cocaine conviction as a predicate offense for career offender purposes. We agree with the defendant that Florida's solicitation law is not a predicate offense under the career offender provision of the Guidelines and therefore vacate defendant's sentence and remand for resentencing.

## I.

Following the defendant's plea of guilty, the Probation Office prepared a presentence investigation report (PSI). The PSI calculated the defendant's initial offense level at 28, which it then reduced to 25 for the three-level reduction for acceptance of responsibility recommended by the government as part of the plea. It also determined that defendant's criminal history category was III, placing his guideline range at 70–87 months. The PSI recommended, however, that the defendant be sentenced as a career offender under U.S.S.G. § 4B1.1 based on prior convictions for felonious assault, possession of marijuana with intent to sell, and solicitation to traffic in cocaine.

At sentencing, the defendant conceded that the marijuana conviction was a predicate crime but objected to the PSI's inclusion of the assault and solicitation convictions in the career offender determination. The district court agreed that the felonious assault conviction could not be used but found that the Florida solicitation conviction was a proper predicate controlled substance offense. Using the marijuana and solicitation convictions, the court determined that the defendant was a career offender under U.S.S.G. § 4B1.1. This increased defendant's offense level to 31 and his criminal history category to VI, thereby setting the guideline range at 188–235 months.

The United States filed a motion under § 5K1.1 of the guidelines for a downward departure based on defendant's substantial assistance, requesting reduction of defendant's offense level to 26, which would reduce defendant's guideline range to 120–150 months. The district court granted the motion, and sentenced the defendant to 120 months. Pursuant to a subsequent motion by the United States, the district court ordered that the judgment and commitment order be amended to reflect a sentence of 90 months.

## II.

■ The defendant's only challenge on appeal is the sentencing court's classification of him as a career offender. More specifically, he claims that his prior solicitation conviction in Florida state court is not a predicate "controlled substance offense" for career offender purposes and that his one marijuana conviction is not sufficient to classify him as a career offender. We review *de novo* a district court's determination that a defendant is a career offender under the Guidelines. *United States v. Garza*, 999 F.2d 1048, 1051 (6th Cir.1993)(citing *United States v. Beckner*, 983 F.2d 1380, 1383 (6th Cir.1993)).

Under the career offender provision of the Guidelines,

A defendant is a career offender if (1) the defendant was at least eighteen years old at the time of the instant offense, (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense, and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

U.S.S.G. § 4B1.1. There is no question in this case but that the first two requirements have been met: the defendant was 54 years old at the time of the offense, and the instant offense of conviction was for possession with intent to distribute and distribution of cocaine.

■ The only question, then, is whether the defendant has at least two prior felony convictions for controlled substance offenses. The Guidelines define "controlled substance offense" as:

[A]n offense under a federal or state law prohibiting the manufacture, import, export, distribution, or dispensing of a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with the intent to manufacture, import, export, distribute, or dispense.

U.S.S.G. § 4B1.2(2). An Application Note also states that this definition includes aiding and abetting, conspiring, and attempting to commit such offenses. § 4B1.2, comment. (n.1).

The Florida solicitation statute under which the defendant was convicted provides:

Whoever solicits another to commit an offense prohibited by law and in the course of such solicitation *commands, encourages, hires, or requests* another person to engage in specific conduct which would con-

stitute such offense *or an attempt to commit such offense* commits the offense of criminal solicitation and shall, when no express provision is made by law for the punishment of such solicitation, be punished as provided in subsection (4).

Fla.Stat. § 777.04(2) (1989)(emphasis added). Solicitation is completed when the defendant, "with intent that another person commit a crime, have enticed, advised, incited, ordered or otherwise encouraged that person to commit [the] crime." *Luzarraga v. State*, 575 So.2d 731, 731 (Fla.Dist.Ct.App.1991)(quoting *State v. Gaines*, 431 So.2d 736, 737 (Fla.Dist.Ct.App.1983)(other quotations omitted)).

The defendant contends that Florida's solicitation law is a distinct, separate crime from, and less serious than, aiding and abetting, attempt or conspiracy and therefore does not constitute a "controlled substance offense" for the purposes of career offender status. He argues that the Florida statute does not mention drug trafficking and is separate and distinct from the crimes delineated by § 4B1.2(2) and the Application Note. The government responds that the district court properly included the solicitation conviction in the career offender calculus because Florida's solicitation law is substantially equivalent to aiding and abetting.

The Sixth Circuit has not addressed the question of whether courts should look only to the elements of the statute, or should look behind the statutory language to the underlying facts of prior convictions when reviewing career offender determinations under the guidelines. *See Garza*, 999 F.2d at 1052–53. However, other courts have held that only the statutory language should be examined,[1] and we have employed this "categorical approach" in other contexts, referring only to the statute under which the conviction was obtained rather than the actual conduct involved. *United States v. Mack*, 8 F.3d 1109, 1111 (6th Cir.1993)(citing *Taylor v. United States*, 495 U.S. 575, 600–02, 110 S.Ct. 2143, 2159–60, 109 L.Ed.2d 607 (1990)(adopting categorical approach for inquiries under the Armed Career Criminal Act) and *United*

States v. Kaplansky*, 5 F.3d 171, 174 (6th Cir.1993)(now vacated pending en banc reconsideration)).

Solicitation is not listed in the definition of controlled substance offenses and is not included in the Application Note's list of related crimes: aiding and abetting, conspiracy and attempt. The question we must resolve, then, is whether the Florida's solicitation law is nevertheless a "controlled substance offense" for career offender purposes. We find that it is not.

■ In order to establish aiding and abetting, the government must prove that the substantive offense has been committed. 18 U.S.C. § 2; *United States v. Frorup*, 963 F.2d 41 (3d Cir.1992). Evidence must demonstrate that the defendant committed overt acts or affirmative conduct to further the offense, and intended to facilitate the commission of the crime. *United States v. Head*, 927 F.2d 1361, 1369 (6th Cir.), *cert. denied*, —— U.S. ——, 112 S.Ct. 144, 116 L.Ed.2d 110 (1991)(citing *United States v. Winston*, 687 F.2d 832, 834–35 (6th Cir. 1982)). Unlike aiding and abetting, the Florida solicitation statute does not require completion or commission of the offense, but rather only that the defendant make some statement which might lead to another person's commission of the crime. The defendant also need not engage in any affirmative conduct designed to aid in the venture. Aiding and abetting is clearly a more serious crime, since the defendant directly participates in a completed crime, whereas the defendant need only encourage or request that another commit the crime to be guilty of solicitation. Thus, we disagree with the government's contention that solicitation is the substantial equivalent of aiding and abetting.

■ Conspiracy involves an agreement willfully formed between two or more persons to commit an offense, attended by an act of one or more of the conspirators to effect the object of the conspiracy. 18 U.S.C. § 371; *United States v. Sturman*, 951 F.2d 1466, 1474 (6th Cir.1991), *cert. denied*, —— U.S. ——, 112 S.Ct. 2964, 119 L.Ed.2d 586 (1992). It is clear that the Florida solicita-

---

1. *See, e.g., United States v. De Jesus*, 984 F.2d 21, 23 (1st Cir.1993); *United States v. Vea–Gonzales*, 999 F.2d 1326, 1329 (9th Cir.1993); *United*

*States v. Wagner*, 994 F.2d 1467, 1474–75 (10th Cir.1993).

tion statute does not require these or similar elements. No agreement need be reached between the solicitor and the person he encourages, and no acts need be taken by either in furtherance of the solicited crime. The solicitation defendant only must encourage or request that another person commit a crime. As such, solicitation may be said to be less serious than conspiracy because "the resisting will of an independent agent is interposed between the solicitor and commission of the crime...." LaFave, et al., *Criminal Law,* § 6.1 at 488 (2d ed.1986).

■ Criminal attempt requires that the defendant intend to engage in criminal conduct and that he commit an overt act which is a substantial step toward the commission of the offense. The defendant must go beyond "preliminary activities," and undertake conduct unequivocally in furtherance of the crime. *United States v. Rovetuso,* 768 F.2d 809, 821 (7th Cir.1985), *cert. denied,* 474 U.S. 1076, 106 S.Ct. 838, 88 L.Ed.2d 809 (1986); *United States v. Cartlidge,* 808 F.2d 1064, 1066–67 (5th Cir.1987). As the Ninth Circuit explained, a fragment of the crime must essentially be in progress. *United States v. Hadley,* 918 F.2d 848, 853 (9th Cir.1990). Although solicitation is more similar to attempt than it is to conspiracy or aiding and abetting, solicitation is not the essential equivalent of attempt because solicitation does not require an overt act on the part of the defendant to complete the crime. The defendant need not himself intend to engage in criminal conduct but only encourage or advise someone else do so.

Florida courts have addressed the relationship between attempt and the Florida solicitation law. In *Hutchinson v. State,* 315 So.2d 546 (Fla. Dist. Ct.App.1975), the Florida court of appeals ruled that solicitation and attempt are separate and distinct crimes:

**2.** The *Hutchinson* court also quoted from the *Gervin* opinion, which addressed this question under Tennessee law:

> Our answer to the contention that solicitation is a form of attempt is developed from the analytical distinctions and the reasons for these distinctions. Solicitation may supply an element in the attempt concept, but in and of itself, solicitation does not satisfy all these elements. To merge attempts and solicitation bastardizes the concepts of each and breeds further confusion in an area already wrought with confusion.

With respect to the crime of solicitation, the great weight of American authority holds as a general proposition that mere criminal solicitation of another to commit a crime does not itself constitute an attempt.... [T]he definition of attempt and solicitation are not only different, but the offenses are analytically distinct. The gist of criminal solicitation is enticement, whereas an attempt requires an intent to commit a specific crime, an overt act and failure to consummate that crime. This being true, to call solicitation an attempt is to delete the element of overt act.

*Id.* at 548 (citing *Gervin v. State,* 212 Tenn. 653, 371 S.W.2d 449 (1963)).[2]

Under § 4B1.2(2), Florida's solicitation law cannot be considered analogous to an attempt of a "controlled substance offense." As a Florida state law offense, Florida law controls the definition and contours of the defendant's solicitation conviction and Florida courts have clearly established that solicitation is not equivalent or similar enough to attempt to equate the two offenses. Florida's interpretation of its solicitation law makes the crime more similar to the "preliminary activities" that the defendant must get beyond in an attempt case. The mere encouragement or request that another person commit a crime is not an "overt act" sufficient to equate solicitation with attempt.[3]

Finally, the fact that the Sentencing Commission did not include solicitation in its list of predicate crimes in Application Note 1 is evidence that it did not intend to include solicitation as a predicate offense for career offender status. Solicitation is also a federal criminal offense, committed when a person:

*Hutchinson,* 315 So.2d at 548–49 (quoting *Gervin,* 371 S.W.2d at 453).

**3.** Commentators on the criminal law have also written on the distinctions and analytical differences between attempt and general solicitation laws. In Sayre, *Criminal Attempts,* 41 Harv. L.Rev. 821 (1928), the author discussed the origin, development and elements of the law of criminal attempt. The author notes that while solicitation is somewhat similar to attempt, "[a]nalytically the two crimes are distinct.... In spite of their similarities ... the two crimes should not be confused." *Id.* at 857–58.

with intent that another person engage in conduct constituting a felony that has as an element the use, attempted use, or threatened use of physical force ..., and under circumstances strongly corroborative of that intent, solicits, commands, induces, or otherwise endeavors to persuade such other person to engage in such conduct.... 18 U.S.C. § 373(a). This solicitation statute, of which the Commission was presumably aware, is a more serious crime than the Florida statute since it involves the use of physical force. Given the Commission's choice not to include solicitation in § 4B1.2, we cannot say that the Commission intended solicitation to constitute a predicate "controlled substance offense."

■ The prior convictions requirement of the Guidelines' career offender provision is to be interpreted strictly. *See United States v. Delvecchio,* 920 F.2d 810, 812 (11th Cir.1991), *cert. denied,* —— U.S. ——, 113 S.Ct. 156, 121 L.Ed.2d 106 (1992); *United States v. Liranzo,* 944 F.2d 73, 79 (2d Cir.1991). Solicitation is not enumerated as a predicate offense in the Guidelines, and Florida's solicitation statute is not sufficiently similar to aiding and abetting, conspiracy or attempt to serve as a predicate "controlled substance offense" as defined by § 4B1.2 of the Sentencing Guidelines. Consequently, the district court erred in counting the defendant's solicitation conviction as a "controlled substance offense" and on that basis sentencing him as a career offender.

Accordingly, we vacate defendant's sentence and remand for resentencing.

KENNEDY, Circuit Judge, concurring.

I agree that Florida's solicitation law encompasses conduct which cannot be classified as an attempt. Defendant's plea of nolo contendere to solicitation to traffic in cocaine (Second Degree Felony) does not permit a finding that defendant is guilty of an attempt to possess with intent to distribute or to distribute cocaine. I write separately, however, because in other applications, the crime of solicitation in Florida may overlap with attempt. For example, had defendant been convicted of solicitation where he was charged with hiring someone to distribute cocaine, the solicitation conviction would, in my opinion, properly be classified as an attempt. This is because for Sentencing Guidelines purposes "attempt" is meant in its "classic" sense, regardless of "definitional deviations in state law." *United States v. Liranzo,* 944 F.2d 73, 78–79 (2d Cir.1991). I agree that we apply the categorical approach for inquiries under the Armed Career Criminal Act and we should apply the same rule under the Guidelines. However, this does not mean we apply Florida's definition of "attempt" any more than we apply a state's definition of "burglary." *Taylor v. United States,* 495 U.S. 575, 110 S.Ct. 2143, 109 L.Ed.2d 607 (1990) ("burglary" under 18 U.S.C. § 924(e) is used in its "generic" sense).

Indeed, the majority applies federal law to determine whether defendant's conviction can be characterized as aiding and abetting and conspiracy; analyses in which I fully agree. The Court also relies on federal law in its initial discussion of attempt. It then turns to an analysis of how Florida treats solicitation, relying on *Hutchinson v. State,* 315 So.2d 546 (Fl. Dist. Ct.App.1975), and relies on Florida's holding that solicitation is not attempt. Because it held solicitation did not require an intent to commit a specific crime or an overt act while attempt does, the *Hutchinson* court concluded "to call solicitation an attempt is to delete the element of overt act." *Id.* at 548 (citing *Gervin v. State,* 212 Tenn. 653, 371 S.W.2d 449 (1963)).[4] The hiring of someone to do a criminal act or a command from a person in a position of authority to do so would, in my opinion, supply the overt act. Thus, because I conclude that solicitation and attempt can overlap and that some Florida convictions for solicitation to commit a controlled substance offense may be appropriately categorized, for federal sentencing purposes, as attempts, I concur separately.

---

**4.** *Hutchinson* was overruled in part in *Gentry v. Florida,* 437 So.2d 1097 (Fla.1983). There, the court held that attempt, under Florida law, did not require intent to commit a specific crime if the underlying crime did not require specific intent.

According to W. LeFave & A. Scott, Criminal Law § 6, at 424 (1972), the modern doctrine of attempt was crystallized in the 1801 case of *Rex v. Higgins*, 2 East 5 (1801). In that case, the defendant was charged with soliciting a servant to steal his master's goods. The Justices acknowledged that there was no evidence that the goods were in fact stolen or that the servant agreed to steal them. It was a case of pure solicitation. All four Justices agreed that the attempt was an indictable offense. The act of solicitation was expressly noted by Justice Lawrence as an act towards carrying out defendant's intent to commit the crime.

Some writers have indicated that in determining whether a defendant has gone beyond preparation to attempt, one can use the same analysis that one would use to determine if there is an act in furtherance of a conspiracy. Hiring someone to transport a controlled substance would ordinarily, I believe, be an overt act.

That mere solicitation can be an attempt under federal law is discussed at length by the Fifth Circuit in *United States v. Mandujano*, 499 F.2d 370 (5th Cir.1974), *cert. denied*, 419 U.S. 1114, 95 S.Ct. 792, 42 L.Ed.2d 812 (1975). Mandujano was convicted of attempted distribution of heroin. An undercover officer tried to purchase heroin from defendant who attempted to locate some through phone calls, but was unable to do so. He said he would continue trying but needed some money up-front, which the officer gave him. Defendant later returned the money and never did deliver any heroin. Mandujano claimed,

> that at most he was attempting to acquire a controlled substance, not to distribute it; that it is impossible for a person to attempt to distribute heroin which he does not possess or control; that his acts were only preparation, as distinguished from an attempt; and that the evidence was insufficient to support the jury's verdict.

*Id.* at 372.

The court found an attempt. The case contains an extensive discussion of attempt requirements. The holding seems to me to be based on the conclusion that solicitation may be sufficient definite progress toward committing the crime to satisfy conviction for attempt.

The court in *United States v. Rovetuso*, 768 F.2d 809 (7th Cir.1985), *cert. denied* 474 U.S. 1076, 106 S.Ct. 838, 88 L.Ed.2d 809 (1986), cited by the majority, relied upon *Mandujano*.

I would simply leave to another day whether a conviction for solicitation under Florida law, where the indictment was limited to some specific conduct, could constitute an attempt for Guidelines purposes.