103 F.3d 131
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Gene A. POINTER, Defendant-Appellant.
 No. 96-3161.
 United States Court of Appeals, Sixth Circuit.
 Dec. 5, 1996.
 
 Before: MERRITT, KENNEDY, and GUY, Circuit Judges.
 
 ORDER
 
 1
 Gene A. Pointer appeals his judgment of conviction and sentence. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 In January 1996, Pointer pleaded guilty to three counts of bank robbery in violation of 18 U.S.C. § 2113(a). The district court sentenced Pointer to a total of 151 months of incarceration, and five years of supervised release. Pointer has filed a timely appeal.
 
 
 3
 On appeal, Pointer's counsel has filed a motion to withdraw and a brief pursuant to Anders v. California, 386 U.S. 738 (1967). Counsel has submitted the following issues for review: 1) whether the district court erred when it sentenced Pointer as a career offender; and 2) whether the district court erred when it failed to depart downward from the applicable guidelines range. Pointer has not responded to his counsel's motion to withdraw.
 
 
 4
 Upon review, we conclude that the district court properly determined that Pointer was a career offender. See United States v. Dolt, 27 F.3d 235, 237 (6th Cir.1994). Pointer was sentenced for a robbery conviction in October 1980, which was within the 15 year window of his August 1995 conviction for bank robbery. Furthermore, Pointer was not released from incarceration and supervision from the 1980 conviction until June 1982. A sentence imposed more than fifteen years prior to the defendant's commencement of the instant offense is not counted unless the defendant's incarceration extended into this fifteen year period. USSG § 4A1.1, (comment). n. 1. Thus, Pointer's 1980 conviction may be considered for career offender status because it was not out-of-time. See United States v. Schultz, 14 F.3d 1093, 1101 (6th Cir.1994).
 
 
 5
 Pointer may not appeal the district court's decision denying his request for a downward departure because he has not presented any basis to appeal under 18 U.S.C. § 3742(e). See United States v. Brannon, 7 F.3d 516, 521-22 (6th Cir.1993). Moreover, the transcript of the sentencing proceedings indicates that the district court recognized its discretion to depart, and hence its decision declining to depart is not reviewable. See United States v. Landers, 39 F.3d 643, 649 (6th Cir.1994).
 
 
 6
 We have further examined the record in this case, including the transcripts of Pointer's plea and sentencing, and conclude that no reversible error is apparent from the record.
 
 
 7
 Accordingly, we grant counsel's motion to withdraw and affirm the district court's judgment. Rule 9(b)(3), Rules of the Sixth Circuit.