UNITED STATES of America,
Plaintiff–Appellee,

v.

Deshawn BLACK, Defendant–
Appellant.

No. 99–4542.

United States Court of Appeals,
Sixth Circuit.

Feb. 8, 2001.

Before MARTIN, Chief Judge; SUHRHEINRICH, Circuit Judge; and OLIVER, District Judge.*

PER CURIAM.

Defendant Deshawn Black appeals the sentence entered on his guilty plea under 21 U.S.C. § 846, which prohibits, among other things, a conspiracy to distribute and possess with intent to distribute in excess of five kilograms of cocaine in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B)(ii). Black argues that the court erred in applying the career offender enhancement contained in § 4B1.1 of the United States Sentencing Guidelines Manual (Nov. 1998). We AFFIRM.

---

* The Honorable Solomon Oliver, Jr., United States District Judge for the Northern District of Ohio, sitting by designation.

## I.

Black's Presentence Report ("PSR") listed Black as a career offender pursuant to USSG § 4B1.1, which requires that (1) the defendant be eighteen at the time the instant offense was committed, (2) the instant offense is a felony that is either a crime of violence or a controlled substance offense, and (3) the defendant have two prior felony convictions for either crimes of violence or controlled substance offenses. For purposes of the career offender guideline, conspiracy to commit a crime is given the same status as the underlying crime. *See* USSG § 4B1.2, comment. (n.1).

Black objected to the PSR's use of the career offender provision, arguing that although he had one prior felony conviction for a controlled substance offense (a federal offense in 1993), neither of his two prior Ohio state law convictions qualified. The district court rejected his argument, and expressly determined that Black's 1993 federal offense and 1993 Ohio offense were controlled substance offenses within the meaning of the Guidelines, and sentenced him to 188 months as a career offender.

Black now argues that the court erred because his two prior state convictions, one from 1992 and the other from 1993, were under the 1993 version of Ohio Revised Code § 2925.03, which prohibited, among other things, distributing controlled substances, offering controlled substances for sale, and possessing controlled substances in a bulk amount. Black argues that his two prior Ohio convictions involved mere possession, and that merely possessing a bulk amount of a controlled substance is not a "controlled substance offense" for purposes of the career offender provision.

## II.

We review the district court's determination *de novo. See United States v. Dolt,* 27 F.3d 235, 237 (6th Cir.1994). Under USSG § 4B1.2(b), a controlled substance offense is "an offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense."

■ Black's argument fails because his 1993 Ohio conviction for attempted aggravated drug trafficking, by reference to the indictment and plea agreement, involved knowingly preparing for shipment, shipping, transporting, delivering, preparing for distribution, or distributing a controlled substance with knowledge or reasonable cause to believe that the controlled substance was intended for sale or resale. This language clearly brings the offense under the definition of a "controlled substance offense" for purposes of the career offender guideline.

■ Although Black argues that the underlying facts of his 1993 Ohio conviction, as recounted in the PSR for the instant offense, do not suggest that Black was involved in manufacture, import, export, distribution, or dispensing for purposes of the career offender guideline, his argument fails as a matter of law because a sentencing court, in determining whether prior convictions qualify for sentencing enhancements, should not engage in broad factfinding missions. Rather, the court should constrain its analysis to the language of the statute, the indictment, and plea documents. *See United States v. Butler,* 207 F.3d 839, 843 (6th Cir.2000); *United States v. Arnold,* 58 F.3d 1117, 1122 (6th Cir.1995) (addressing the analogous context of a crime of violence).

## III.

For the foregoing reasons, we AFFIRM the judgment of the district court.