JANE B. STRANCH, Circuit Judge
concurring in part and dissenting in part.
I agree that Mr. Woodruffs Tennessee conviction for facilitating the sale of cocaine does not qualify as a controlled substance offense under USSG § 2K2.1(a)(2). Because this error was plain at the time of the sentencing hearing, I would reverse and remand for resentencing.
This court previously decided in United States v. Wicks, 114 F.3d 1190, 1997 WL 259375 (6th Cir. May 15, 1997) (unpublished), that the Tennessee offense of facilitating drug trafficking is not a “controlled substance offense” because facilitation does not require intent to commit the underlying substantive offense as does conspiracy, attempt, and aiding and abetting. Id. at *3. The court in Wicks relied on United States v. Dolt, 27 F.3d 235 (6th Cir.1994), and United States v. Liranzo, 944 F.2d 73 (2d Cir.1991), the same cases the majority now cites in support of its opinion.
In a published Ohio case issued just over a year after Wicks, this court explained the difference between criminal facilitation and criminal attempt, again relying on Lir-anzo. See United States v. Spikes, 158 F.3d 913, 931-32 (6th Cir.1998). The court held that an attempted aggravated drug trafficking conviction qualified as a predicate “felony drug offense” under 21 U.S.C. § 841(b)(1) because attempt is different than facilitation. Id. at 932.
The determination in the majority opinion regarding facilitation was preordained by Wicks, Spikes, Liranzo, and Dolt. Therefore, I would hold that the error in using the facilitation offense as a “controlled substance offense” to set Mr. Woodruffs base offense level was “clear or obvious” when the district court sentenced him in early 2012. Because Mr. Woodruff will have to serve 24 months longer than he would have if the offense level had been calculated correctly, I would also hold that the error substantially affected his rights and seriously affected the fairness, integrity or public reputation of the judicial proceeding. See United States v. Olano, 507 U.S. 725, 732, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993).
Obviously, the difficulty presented here is due to the applicable plain error standard of review. Had Mr. Woodruffs attorney preserved an objection to counting the facilitation offense in setting the base offense level, we would be determining that “the sentence was imposed ... as a result of an incorrect application of the sentencing guidelines,” and remanding the case for resentencing. 18 U.S.C. § 3742(f). See also United States v. Duckro, 466 F.3d 438, 444-45 (6th Cir.2006) (“Even though the Supreme Court declared the guidelines advisory in Booker, we are still required to remand for resen-tencing if the district court misapplies the guidelines,” citing § 3742(f)). But there is another potential avenue for relief that Mr. Woodruff may pursue under 28 U.S.C. § 2255.
Accordingly, I respectfully dissent from that portion of the opinion declining to grant any relief to Mr. Woodruff.