NOT RECOMMENDED FOR PUBLICATION
File Name: 17a0689n.06

No. 16-3855

**FILED**
Dec 13, 2017
DEBORAH S. HUNT, Clerk

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| LE'ARDRUS BURRIS, | ) | COURT FOR THE |
| | ) | NORTHERN DISTRICT OF |
| Defendant-Appellant. | ) | OHIO |
| | ) | |
| | ) | |

BEFORE: MERRITT, MOORE, and ROGERS, Circuit Judges.

ROGERS, J., delivered the opinion of the court in which MERRITT and MOORE, JJ., joined. MERRITT, J. (p. 7), delivered a separate concurring opinion in which MOORE, J., joined.

**ROGERS, Circuit Judge.** This case presents the question of whether the district court properly treated defendant Burris's prior Ohio conviction for complicity to traffic drugs as a "controlled substance offense" for purposes of applying the Career Offender guideline, U.S.S.G § 4B1.2(b), to Burris's sentence below for conspiring to possess with intent to distribute and to distribute heroin. The Ohio complicity statute sets forth four different ways in which a defendant may be convicted of complicity: solicitation, aiding and abetting, conspiracy, and causing an innocent person to commit the offense. Ohio Rev. Code § 2923.03. Burris argues that the elements of solicitation in connection with drug trafficking do not meet the Career Offender definition of a "controlled substance offense," such that conviction under the complicity statute

as a whole is categorically excluded from serving as a predicate for Career Offender status. That argument fails, however, because conviction for complicity to drug trafficking requires that the State prove all the elements of the underlying substantive drug trafficking offense, Ohio Rev. Code § 2925.03, which has been found to categorially qualify as a Guidelines controlled substance offense. Burris's other arguments on appeal are without merit.

Following a jury trial, Burris was convicted of four counts, including conspiring to possess with intent to distribute and to distribute heroin, in violation of 21 U.S.C. § 846. At sentencing, the district court held that Burris was a career offender, and therefore subject to a higher Sentencing Guidelines offense level, based upon Burris's prior Ohio convictions for complicity to drug trafficking in 2005 and felonious assault in 2007. Burris acknowledged the two earlier convictions, but he objected to the career offender classification because, according to Burris, it overstated his actual criminal history. He did not, however, argue that his prior convictions were not career-offender predicate offenses. After weighing all relevant circumstances, the court varied downward from the advisory Guidelines range of 210 to 262 months, and imposed a 90-month term of incarceration on the first two counts of the indictment, a concurrent 12-month term of incarceration on the remaining two counts, followed by a three-year term of supervised release and a $400 special assessment.

Burris's contention that his prior Ohio conviction for complicity to drug trafficking does not qualify as a controlled substance offense fails because each alternative enumerated in Ohio Rev. Code § 2923.03 satisfies the Guideline definition of a controlled substance offense. In Ohio, to be convicted of complicity to drug trafficking under Ohio Rev. Code § 2923.03, the State must prove the elements of the underlying Ohio drug trafficking statute, Ohio Rev. Code § 2925.03(A)(1). Indeed, the statute makes clear that it is not a crime itself to be complicit, as

one is only complicit in the commission of an underlying substantive offense. As the Ohio Supreme Court has stated, "in order to convict an offender of complicity, the state need not establish the principal's identity . . . the state need only prove that a principal committed the offense." *State v. Perryman*, 358 N.E.2d 1040, 1048–49 (Ohio 1976), *judgment vacated on other grounds*, 438 U.S. 911 (1978); s*ee also State v. Coleman*, 525 N.E.2d 792, 796 (Ohio 1988). Indeed, the 1973 Ohio Legislative Service Commission Comment to § 2923.03 makes clear that "[a]n offense must actually be committed . . . before a person may be convicted as an accomplice." Section 2923.03 describes four alternatives for violating a substantive criminal statute beyond acting as a principal offender, and Burris's conviction for complicity required proof that the elements of the drug trafficking statute as well as one or more of § 2923.03's alternatives were violated. Because Ohio's drug trafficking statute has been found to "categorically qualif[y] as a controlled substance offense" under the Guidelines, *United States v. Evans*, 699 F.3d 858, 868 (6th Cir. 2012), complicity to drug trafficking also qualifies as a controlled substance offense.

The Sixth Circuit employed similar reasoning in *United States v. Gloss* to find that a conviction under Tennessee law for facilitation of aggravated robbery constituted a conviction of a violent felony, for purposes of sentencing under the Armed Career Criminal Act ("ACCA"). 661 F.3d 317 (6th Cir. 2011). The court in *Gloss* reasoned that "[i]f a conviction for facilitation or conspiracy requires the government to prove the elements of the underlying violent felony, such a conviction will itself qualify as a violent felony under the first clause of [18 U.S.C.] § 924(e)(2)(B)." *Id.* at 319. Thus, Burris's argument that soliciting the distribution of drugs may include activity that is not a controlled substance offense is without merit. Whether a defendant solicits the principal, aids or abets the principal, conspires with the principal, or causes an

innocent person to engage in drug trafficking, the State is still required to prove the elements of the underlying substantive offense, which categorically qualifies as a controlled substance offense, *see Evans*, 699 F.3d at 868. Therefore, § 2923.03 also categorically qualifies as a controlled substance offense under U.S.S.G. § 4B1.2(b). *See Gloss*, 611 F.3d at 319.

Burris's citation of *United States v. Dolt*, 27 F.3d 235 (6th Cir. 1994), which interpreted Florida's drug solicitation statute, does not weaken this analysis because Ohio's complicity statute is meaningfully different. Unlike Ohio Rev. Code § 2923.03, "the Florida solicitation statute does not require completion or commission of the offense." *Id.* at 238. Florida's solicitation statute could not categorically qualify as a controlled substance offense under our reasoning in *Gloss* because the substantive offense need not be proven in Florida, but *Dolt* does not stand for the proposition that any statute that punishes solicitation cannot qualify as a controlled substance offense. Thus, because § 2923.03 requires that the substantive offense be committed or attempted before a person can be found complicit under *any* of the complicity alternatives, including solicitation, *Dolt* is not applicable.

In his substitute brief, Burris additionally argues on appeal that Ohio's felonious assault statute, Ohio Rev. Code § 2903.11, is not a predicate violent felony offense under the Sentencing Guidelines, but that argument is in direct contradiction with binding circuit precedent. In *United States v. Anderson*, 695 F.3d 390, 400, 402 (6th Cir. 2012), this court held that committing felonious assault in Ohio necessarily requires the use of physical force and is therefore a predicate "violent felony" under the ACCA, 18 U.S.C. § 924(e)(2)(B)(i). Indeed, *Anderson* held that both subsections (1) and (2) of Ohio Rev. Code §§ 2903.11(A) constitute a crime that "has as an element the use, attempted use, or threatened use of physical force against another," and, thus, an ACCA force-clause predicate offense. 695 F.3d at 400, 402. The pertinent provision of

the Guidelines is identical to the ACCA's force clause. *Compare* U.S.S.G. § 4B1.2(a)(1), *with* 18 U.S.C. § 924(e)(2)(B)(i). *Anderson* was recently followed in *Williams v. United States*, 875 F.3d 803, 805–07 (6th Cir. 2017). Thus, *Anderson* and *Williams* are binding precedent that resolve this issue.

Finally, notwithstanding Burris's remaining argument, there was sufficient evidence to support Burris's conviction for conspiring to possess with intent to distribute heroin.

Drug Enforcement Administration special agent Daniel Wehrmeyer testified that when Emery Lee, a major heroin dealer in the area, ran into supply issues with his source in New York City, he began purchasing heroin from Burris's sister-in-law, Ailyson Clipper. Task force members testified that they observed Clipper meet with Lee, complete a drug transaction, and then drive away to meet with Burris in a Bob Evans parking lot. There, Burris left his own car, entered Clipper's for approximately one minute, and then returned to his car and left. Members of the drug task force also intercepted several electronic communications between Burris, Clipper, and Antoine Dortch, Burris's brother and Clipper's husband, in which Clipper or Dortch called or texted Burris's cellphone to request specific amounts of heroin for a prearranged price. Shortly after these communications were intercepted the task force would observe Clipper or Dortch arrive at Burris' mother's home, stay for a short time, and then depart. Moreover, agents executing warrant-based searches of Burris's apartment and his mother's home, with Burris's cooperation, found approximately 43 grams of heroin in a plastic bucket in the kitchen, $2,000 cash, and a digital scale. Burris stated that he had purchased 28 grams of heroin a day earlier; the additional approximately 15 grams was surplus he already had. Burris also told officers that he had purchased 500 to 600 grams of heroin approximately six months earlier, in November 2014, from LeVar Fellows, and had delivered $30,000 to an individual in Indiana at

Fellows's request. Burris's trip to Indiana was confirmed by GPS records from his cellphone. Burris accordingly admits that "the government produced circumstantial evidence that could lead a finder-of-fact to conclude that Burris sold heroin to his sister-in-law (Clipper) and his brother (Dortch)."

This was sufficient to support the jury's finding that Burris was a member of a conspiracy to possess and distribute heroin. "To prove a conspiracy under 21 U.S.C. § 846, the government was required to prove, beyond a reasonable doubt, (1) an agreement to violate drug laws, (2) knowledge and intent to join the conspiracy, and (3) participation in the conspiracy." *United States v. Pritchett*, 749 F.3d 417, 431 (6th Cir. 2014) (citation and internal quotation marks omitted).

Burris claims that the government did not produce any direct evidence of a sale from Burris to anyone and failed to produce sufficient evidence that could allow a finder-of-fact to conclude that he voluntarily joined a conspiracy. But Burris's argument fails because "[t]he existence of a conspiracy may be inferred from circumstantial evidence that can reasonably be interpreted as participation in the common plan." *United States v. Martinez*, 430 F.3d 317, 330 (6th Cir. 2005) (citation and internal quotation marks omitted). Once the government establishes a conspiracy beyond a reasonable doubt, "a defendant's connection to the conspiracy need only be slight." *Id.* Here the trial testimony was sufficient to establish that a conspiracy to distribute heroin existed and that Burris was a co-conspirator.

For the foregoing reasons, the district court correctly held that Burris's prior convictions for complicity to drug trafficking and felonious assault qualified as career-offender predicate offenses under the Guidelines, and that his current conviction for conspiracy to possess and

distribute heroin is supported by substantial evidence. The judgment of conviction and the sentence imposed by the district court are affirmed.

**MERRITT, Circuit Judge, concurring.** I join the Court in affirming Burris's sentence. I agree with the Court that Burris's case is distinguished from *U.S. v. Dolt*, 27 F.3d at 235, by the fact that no person may be convicted under any theory of the Ohio complicity statute "unless an offense is actually committed." Ohio Rev. Code Ann. § 2923.03(C).

The Florida solicitation statute in *Dolt* required "only that the defendant make some statement which might lead to another person's commission of the crime." *Dolt*, 27 F.3d at 238. This Court's decision in *Dolt* prevented the unjust expansion of the § 4B1.2(b) controlled-substance offense definition to include the act of merely speaking about a crime which never actually occurred.

No such injustice occurs in Burris's case. In Ohio, a defendant convicted for solicitation is held culpable for the completion of a crime which his or her words set in motion. Conviction requires proof that the defendant "act[ed] with the kind of culpability required for the commission of [the underlying] offense." Ohio Rev. Code Ann. § 2923.03(A).

Therefore, I agree with the majority that the statute in *Dolt* and the statute here are "meaningfully different," *supra* at 4, and that an Ohio conviction for complicity qualifies as a controlled-substance offense under the U.S. Sentencing Guidelines § 4B1.2(b).