# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D17-4084

_____

DARELL ROBINSON,

    Appellant,

v.

STATE OF FLORIDA,

    Appellee.

_____

On appeal from the Circuit Court for Okaloosa County.
William F. Stone, Judge.

April 3, 2019

B.L. THOMAS, C.J.

Trusting in his cellmate to carry out the murder of a witness against him, Appellant was charged and convicted of Solicitation to Commit First-Degree Murder. At trial, defense counsel moved for a judgment of acquittal, and Appellant now asserts the motion should have been granted, because the evidence at trial was insufficient as a matter of law to support the conviction. He relies primarily on the decision in *State v. Gaines,* 431 So. 2d 736 (Fla. 4th DCA 1983).

Our review of the trial court's ruling denying the motion for judgment of acquittal is *de novo. Pagan v. State,* 830 So. 2d 792, 803 (Fla. 2002). All inferences are drawn in favor of the verdict and all evidence is reviewed in the light most favorable to the

verdict: "If, after viewing the evidence in the light most favorable to the State, a rational trier of fact could find the existence of the elements of the crime beyond a reasonable doubt, sufficient evidence exists to sustain a conviction." *Id.*

In *Gaines,* the Fourth District held that because the defendant never expressed a present intent that the crime be carried out, but deferred her final decision to a later date, the trial court properly dismissed the charge. *Gaines*, 431 So. 2d at 737. That decision is distinguishable, even were we to agree with its reasoning, because Appellant clearly and repeatedly stated that he intended that his cellmate carry out the murder. Appellant did not defer a final decision as to whether the murder should occur. In addition, Appellant attempted to obtain the funds to provide bail for his cellmate so the crime could be accomplished. He also discussed several methods by which the murder could be accomplished. After the cellmate informed law enforcement, and wore a recording device, Appellant continued to discuss the arrangement and stated his confidence that the cellmate would in fact be successful in the planned witness elimination. Thus, we reject Appellant's argument that the evidence was insufficient as a matter of law.

AFFIRMED.

KELSEY and WINOKUR, JJ., concur.

_____

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

_____

Andy Thomas, Public Defender, M.J. Lord, Assistant Public Defender, Tallahassee, for Appellant.

Ashley B. Moody, Attorney General, Steven Edward Woods, Assistant Attorney General, Tallahassee, for Appellee.