47 F.3d 1172
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Tommy ROBERTS, Defendant-Appellant.
 No. 94-5122.
 United States Court of Appeals, Sixth Circuit.
 Jan. 25, 1995.
 
 Before: MILBURN and SUHRHEINRICH, Circuit Judges; LAY, Senior Circuit Judge.*
 PER CURIAM.
 
 
 1
 This appeal follows a remand from this Court's decision in United States v. Roberts, 986 F.2d 1026 (6th Cir.), cert. denied, 114 S. Ct. 271 (1993) (Roberts I). Roberts I affirmed defendant Tommy Roberts' conviction, and vacated his sentence for a determination of whether defendant's prior conviction for unlawful imprisonment under Kentucky law constituted a crime of violence under the Career Offender provision of the Sentencing Guidelines, Sec. 4B1.1 (Nov. 1991). The district court found that it did, and defendant appeals. We should affirm, but for reasons other than those given by the district court.
 
 I.
 
 2
 The Roberts I court instructed the district court as follows: "Because the government does not specify the basis for defendant's unlawful imprisonment conviction, we REMAND to the District Court for a factual finding whether defendant's unlawful imprisonment conviction involved 'the use, attempted use, or threatened use of physical force,' thereby constituting a crime of violence." Over defendant's objection, the district court at resentencing allowed the government to offer the testimony of Danny Yeary, a Probation and Parole officer with the Kentucky Department of Corrections, as well as the original presentence report of this witness. Yeary testified as to the facts underlying defendant's 1975 plea of guilty to unlawful imprisonment. Yeary stated that, upon defendant's arrival at the home of the victims, defendant "struck [Mr. Hughes] over the head with a .45-caliber pistol," and that "Ms.--Mrs. Hughes, at that time, was removed from the home along with two small children, ages three and two...." On the basis of this testimony, the district court found that the unlawful imprisonment conviction involved the actual use of physical force and was therefore a crime of violence.
 
 II.
 
 3
 Defendant argues that the district erred by exceeding the Roberts I mandate on remand, and by inquiring into the underlying facts of the unlawful imprisonment conviction. This first argument is meritless, and given our resolution of the second issue, moot.
 
 
 4
 Defendant contends that the district court should have made the finding directed by Roberts I based upon the existing record from the original sentencing hearing on January 31, 1992, and that had it done so, it would have found that the government had not proven by a preponderance that defendant's previous unlawful imprisonment conviction was a crime of violence. This argument is hard to swallow; however, we find that the proof presented by the government at the original sentencing hearing, a certified copy of the prior judgment of conviction for unlawful imprisonment under Ky. Rev. St. Sec. 509.020, was sufficient, for reasons to follow. See Taylor v. United States, 495 U.S. 575, 600 (1990) (language of Sec. 924(e) generally requires trial court to look only to fact of conviction and statutory definition of the prior offense).
 
 
 5
 Our recent en banc decision in United States v. Kaplansky, F.3d , No. 92-3744, 1994 WL 670691 (6th Cir. Dec. 2, 1994), provides analogous authority for the conclusion that the crime of unlawful imprisonment under Ky. Rev. Stat. & R. Serv. 509.020 (Baldwin 1991), "categorically" involves "conduct that presents a serious potential risk of physical injury to another," as defined in 4B1.2(1)(ii). The issue in Kaplansky was whether attempted kidnapping under Ohio Rev. Code Ann. Sec. 2905.02, which provides that the crime of kidnapping may occur by "force, threat, or deception," satisfied either prong of 18 U.S.C. Sec. 924(e)(2)(B), the Armed Career Criminal Act, whose wording is virtually identical to Sec. 4B1.2. See Kaplansky, 1994 WL 670691 * 1. A nearly unanimous court held that kidnapping categorically qualifies as a "violent felony" because the potential for physical injury to the victim is invariably present, even when the kidnapping is by deception. Id. 1994 WL 690691 * 3-5.
 
 
 6
 We think the reasoning of that case applies with equal force here, given the similarity of wording and purpose of the statutory and guideline provisions. In this regard we note that the Kentucky statute at issue, Ky. Rev. St. 509.020(1), contains a similar concept of "restraint" as that which is found in the Ohio statute in Kaplansky. Compare Ky. Rev. St. & R. Serv. (Baldwin 1991) Sec. 509.010(2) (definition of "restraint" as used in Ky. Rev. St. 509.020), with Ohio Rev. Code Sec. 2905.01. Given this conclusion, we leave for another day the issue of whether it is ever proper for a district court to inquire into the underlying facts of a predicate conviction when sentencing under Secs. 4B1.1, 4B1.2. See United States v. Dolt, 27 F.3d 235 (6th Cir. 1994) (noting but not deciding that Sixth Circuit has not addressed question whether courts are limited to statutory language when reviewing career offender determinations under the guidelines, and that the court has employed the "categorical approach" in other contexts); United States v. Garza, 999 F.2d 1048 (6th Cir. 1993) (same).
 
 
 7
 Given this conclusion, we need not consider the propriety of the district court's factfinding. In this connection, we acknowledge that neither the original panel nor the district court had the benefit of Kaplansky. For the foregoing reasons, we AFFIRM.
 
 
 
 *
 The Honorable Donald P. Lay, Senior Circuit Judge for the United States Court of Appeals for the Eighth Circuit, sitting by designation