Argued and submitted September 14, decision of the Court of Appeals affirmed; judgment of the circuit court reversed, and case remanded to the circuit court for further proceedings December 9, 2004

STATE OF OREGON,
*Respondent on Review,*

*v.*

ROGER MILLEN POLLOCK,
*Petitioner on Review.*

(CC 0103-32263; CA A116427; SC S51010)

102 P3d 684

Stephen A. Houze, Portland, argued the cause and filed the briefs for petitioner on review.

Jennifer S. Lloyd, Assistant Attorney General, Salem, argued the cause for respondent on review. With her on the

brief were Hardy Myers, Attorney General, and Mary H. Williams, Solicitor General.

Before Carson, Chief Justice, and Gillette, Durham, Riggs, De Muniz, and Balmer, Justices.**

DE MUNIZ, J.

---

** Kistler, J., did not participate in the consideration or decision of this case.

## DE MUNIZ, J.

The issue in this criminal case is whether the police had probable cause to arrest defendant, thereby justifying a search incident to the arrest. Two women told a police officer that defendant had tried to sell them a controlled substance, the illegal drug ecstasy, while they were visiting a bar in Old Town in Portland. The officer arrested defendant and, upon searching him incident to the arrest, discovered a large sum of money and the drug. Defendant later was charged with delivery and possession of a controlled substance. ORS 475.992(1) and (4).[1] Before trial, defendant moved to suppress the evidence found during the search, arguing that the officer lacked probable cause to arrest him. The trial court agreed, concluding that a credible report of defendant's offer to sell drugs was insufficient to constitute probable cause to arrest defendant for delivery of a controlled substance.

The Court of Appeals reversed, reasoning that, because an offer to sell drugs was a substantial step in delivering them, the officer had probable cause to arrest defendant. The court concluded, therefore, that the trial court should not have suppressed the evidence found during the search incident to the arrest. *State v. Pollock,* 189 Or App 38, 46, 73 P3d 297 (2003). We allowed defendant's petition for review and conclude that, in the circumstances presented here, the credible report of an offer to sell drugs constituted

---

[1] ORS 475.992(1) provides, in part:

"Except as authorized by ORS 475.005 to 475.285 and 475.940 to 475.999, it is unlawful for any person to manufacture or deliver a controlled substance. Any person who violates this subsection with respect to:

"(a) A controlled substance in Schedule I, is guilty of a Class A felony."

ORS 475.992(4) provides, in part:

"It is unlawful for any person knowingly or intentionally to possess a controlled substance unless the substance was obtained directly from, or pursuant to, a valid prescription or order of a practitioner while acting in the course of professional practice, or except as otherwise authorized by ORS 475.005 to 475.285 and 475.940 to 475.999. Any person who violates this subsection with respect to:

"(a) A controlled substance in Schedule I, is guilty of a Class B felony."

ORS 475.005(8) provides that " '[d]eliver' or 'delivery' means the actual, constructive or attempted transfer * * * from one person to another of a controlled substance[.]"

probable cause to arrest defendant for *possession* of a controlled substance. Accordingly, we need not reach the issue whether such a report constituted probable cause to arrest defendant for *delivery* of a controlled substance. We therefore affirm the decision of the Court of Appeals.

The following facts are taken from the opinion of the Court of Appeals:

"On March 28, 2001, Officer Brian Hubbard was on patrol in Old Town in Portland. At approximately 1:00 a.m., Iran Johnson flagged Hubbard down. Johnson told him that '[a] gal at Fourth and Burnside was sick and had possibly been given drugs by a guy at Dante's,' a local bar. Hubbard spoke with the woman, Katie Andersen, who appeared to be sick. Her hands were shaking, her head was down, and she showed signs of being nauseated. Andersen and a friend, Greer Carver, 'told [Hubbard] that a guy in Dante's tried to sell them ecstasy and offered to put it in their drinks. They told the officer that they declined and, 'after persisting a bit, he left.' When Andersen started feeling bad, she thought that he might possibly have put the drug in her drink.'

"Johnson told the officer that he knew who the man was and where he was sitting in the bar. 'He described him as a big blond guy and told the officer that he had seen him with the women in the bar and that he had "kept an eye on him." ' Johnson, however, had not seen the man put anything in Andersen's drink. Based on what he learned from Andersen, Carver, and Johnson, the officer entered Dante's and, after Johnson pointed defendant out, placed him under arrest. During a search incident to arrest, the officer found what appeared to be a controlled substance and over $2,000 in cash on defendant."[2]

189 Or App at 40 (footnote omitted).

Defendant was charged by indictment with one count of delivery of a Schedule I controlled substance,[3] one

---

[2] In this court, defendant asserts that the Court of Appeals mischaracterized the trial court's finding that Anderson and Carver told the officer "that a guy in Dante's tried to sell them ecstasy and offered to put it in their drinks." According to defendant, the Court of Appeals characterized the finding as one establishing that defendant did, in fact, offer to sell the complainants ecstasy. We do not agree with defendant's reading of the Court of Appeals' opinion. Nevertheless, on review, we accept the trial court's finding, irrespective of either party's characterization of it.

[3] "Ecstasy" is a Schedule I controlled substance, 3,4-methylenedioxy methamphetamine (MDMA). *See* OAR 855-080-0021(3)(j).

count of possession of a Schedule I controlled substance, and one count of fourth-degree assault. Defendant moved to suppress the evidence that the police officer found when the officer arrested him, arguing that, because the officer lacked probable cause to arrest him, the court should exclude the evidence. In response, the state contended that the officer had probable cause to believe either that defendant had put ecstasy in Andersen's drink or that defendant had offered to deliver ecstasy to Andersen and Carver. Defendant denied that he offered the drug to them.

The trial court concluded that, although the officer did not have probable cause to believe that defendant had put ecstasy into Andersen's drink, the evidence was sufficient to establish that defendant had offered to sell drugs to Andersen and Carver. Nevertheless, the trial court concluded that an offer to sell drugs was insufficient to demonstrate the crime of possession or attempted delivery of a controlled substance. As a result, the trial court ruled that the officer lacked probable cause to arrest defendant and therefore suppressed the evidence seized pursuant to the arrest.[4] The state appealed.

The Court of Appeals framed the issue presented as "whether an offer to sell a controlled substance is sufficient to establish an attempted transfer of that substance." *Pollock*, 189 Or App at 42. Focusing on the alleged attempted transfer, the Court of Appeals concluded that an offer to sell a controlled substance satisfied the elements of a criminal attempt, as defined in ORS 161.405(1) and *State v. Walters*, 311 Or 80, 804 P2d 1164, *cert den*, 510 US 1209 (1991), and therefore the police officer had probable cause to arrest defendant. As noted, we allowed defendant's petition for review.

■       A warrantless arrest is appropriate if a police officer has probable cause to believe that a person has committed a felony. ORS 133.310(1)(a). Probable cause to arrest must be based on "a substantial objective basis for believing that more likely than not an offense has been committed and a

---

[4] As we shall explain, it was at that point that the court's and the parties' focus as to the legal implication of the established facts became too narrow, and it would remain so.

person to be arrested has committed it." ORS 131.005(11). From a constitutional perspective,[5] two components comprise probable cause: "[a]n officer must subjectively believe that a crime has been committed and thus that a person or thing is subject to seizure, and this belief must be objectively reasonable in the circumstances." *State v. Owens*, 302 Or 196, 204, 729 P2d 524 (1986).

■   The Court of Appeals and the parties have focused on the elements of criminal attempt, set out in ORS 161.405(1),[6] and the evidence necessary to satisfy those statutory elements. In doing so, the parties' research and arguments have centered on the correctness of this court's extended discussion of "criminal attempt" in *Walters*. However, in our view, whether *Walters* correctly interprets the reach of ORS 161.405(1) is beside the point. This case is not about whether the evidence that the officer had when he confronted defendant was sufficient to satisfy the statutory elements of delivery of a controlled substance as defined in ORS 475.992(1). Instead, all that is at issue at this stage of the proceedings is whether the police officer had probable cause to arrest defendant for *some* felony crime.

In this instance, the police officer indisputably had an objective basis to believe that defendant had committed a crime, *viz.*, possession of a controlled substance, irrespective of whether defendant had attempted to transfer that substance to another person. The officer could infer that, because defendant allegedly said that he would put the drug in Andersen's and Carver's drinks, defendant possessed the controlled substance when he talked to the women. In this

---

[5] Article I, section 9, of the Oregon Constitution provides:

"No law shall violate the right of the people to be secure in their persons, houses, papers, and effects, against unreasonable search, or seizure; and no warrant shall issue but upon probable cause, supported by oath or affirmation, and particularly describing the place to be searched, and the person or thing to be seized."

[6] ORS 161.405(1) provides:

"A person is guilty of an attempt to commit a crime when the person intentionally engages in conduct which constitutes a substantial step toward commission of the crime."

instance, a credible report of an offer to sell a controlled substance constituted probable cause to arrest defendant for possession of a controlled substance and, therefore, to search defendant incident to that arrest.

The decision of the Court of Appeals is affirmed. The judgment of the circuit court is reversed, and the case is remanded to the circuit court for further proceedings.