Argued and submitted July 31, affirmed November 12, 2008

## STATE OF OREGON,
### *Plaintiff-Respondent,*

*v.*

## KEVIN ROBERT LESHER,
### *Defendant-Appellant.*

Clatsop County Circuit Court
057233; A134470

196 P3d 120

Travis S. Eiva, Deputy Public Defender, argued the cause for appellant. With him on the brief was Peter Gartlan, Chief Defender, Legal Services Division, Office of Public Defense Services.

Denis M. Vannier argued the cause for respondent. On the brief were Hardy Myers, Attorney General, Mary H. Williams, Solicitor General, and Anna M. Joyce, Assistant Attorney General.

Before Haselton, Presiding Judge, and Armstrong, Judge, and Carson, Senior Judge.

ARMSTRONG, J.

**ARMSTRONG, J.**

Defendant appeals his conviction for driving under the influence of intoxicants (DUII), ORS 813.010, assigning error to the trial court's denial of his motion to suppress evidence of his performance of field sobriety tests. In light of *State v. Miller*, 345 Or 176, 191 P3d 651 (2008), we affirm.

Defendant argues that the evidence should have been suppressed under Article I, section 9, of the Oregon Constitution because the trooper unlawfully arrested him by handcuffing him and transporting him a quarter of a mile in the back of a patrol car during an investigation of a traffic accident, and then exploited that illegality in obtaining his consent to perform field sobriety tests. Based on the trooper's testimony that he had "reasonable suspicion that [defendant] might have been involved with [the] crash," the trial court concluded that the arrest was unlawful because the trooper lacked subjective probable cause to arrest defendant. *See, e.g., State v. Pollock*, 337 Or 618, 622-23, 102 P3d 684 (2004) (for probable cause to exist, "[a]n officer must subjectively believe that a crime has been committed and thus that a person or thing is subject to seizure, and this belief must be objectively reasonable in the circumstances") (quoting *State v. Owens*, 302 Or 196, 204, 729 P2d 524 (1986)). Specifically, the court stated:

> "The only factor [that] makes the officer's detention of defendant illegal is his lack of subjective belief [that] he had probable cause to believe defendant was the driver of the vehicle. There was sufficient probable cause to indicate defendant was impaired and if the officer had not quantified his subjective belief, there would have been a basis to infer he had that intent."

The court, however, denied defendant's motion on the ground that the evidence was not obtained in exploitation of the unlawful arrest. In *Miller*, decided after the parties briefed and argued this case, the Supreme Court clarified that a deputy's "in-court assessment of his or her degree of suspicion" is not dispositive regarding whether an arrest was justified by probable cause. 345 Or at 188. Rather,

> "[f]or the purposes of the subjective component of the probable cause inquiry, it is sufficient if the trial court finds (and

there is evidence to support its findings) that the officer reasonably believed that he had lawful authority to act, even if the officer's subjective basis for acting turns out to be incorrect."

*Id.* at 186.

Here, the trooper discovered defendant—at 4:00 in the morning—standing alongside the shoulder of the highway a quarter mile south of where the trooper knew there had been a single-car rollover accident. The trooper knew that the driver of the car had fled south. Defendant was soaking wet and covered in mud, he smelled strongly of alcohol, his speech was slurred, and he was "basically stumbling around" unable to maintain his balance. Given those circumstances, the trial court could determine that the trooper knew of facts sufficient to establish probable cause to believe that defendant had committed the offense of DUII and that the trooper acted in response to those facts. Even though the trooper mistakenly believed that, legally, those facts created only a reasonable suspicion sufficient to stop defendant, he nonetheless "reasonably believe[d] that [his] conduct [was] legally justified, and * * * acted on that belief in restraining * * * defendant's liberty." *Id.* at 188. Thus, the officer's belief was enough to satisfy the subjective component of the probable cause inquiry. Those facts are also sufficient to establish objective probable cause. Accordingly, we affirm the denial of defendant's motion to suppress, albeit on a different ground than that on which the trial court relied. *See Outdoor Media Dimensions Inc. v. State of Oregon,* 331 Or 634, 659-60, 20 P3d 180 (2001) (describing "right for the wrong reason" principle).

Affirmed.