**PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 17-3434
_____

ALEXIS LEOPOLD MARTINEZ,
Petitioner

v.

ATTORNEY GENERAL, UNITED STATES OF
AMERICA,
Respondent
_____

On Petition for Review of a Decision of the
United States Department of Justice
Board of Immigration Appeals
(BIA-1: A043-623-955)
Immigration Judge: Amit Chugh
_____

Argued September 6, 2018

Before: HARDIMAN, KRAUSE, and BIBAS, *Circuit Judges*

(Filed: October 16, 2018)
_____

Whitney W. Elliott, Esq.
Legal Aid Society
Immigration Law Unit
199 Water Street
New York, NY 10038

Melika Hadziomerovic, Esq.
George W. Kroup, Esq. [ARGUED]
William B. Michael, Esq.
Paul Weiss Rifkind Wharton & Garrison
1285 Avenue of the Americas
New York, NY 10019
        *Counsel for Petitioner*

Matthew B. George, Esq. [ARGUED]
Jane T. Schaffner, Esq.
United States Department of Justice
Office of Immigration Litigation
P.O. Box 878
Ben Franklin Station
Washington, DC 20044
        *Counsel for Respondent*

————————————

OPINION OF THE COURT
————————————

BIBAS, *Circuit Judge*.

We must decide whether New Jersey's drug-trafficking law criminalizes more conduct than the federal one. Under the categorical approach, a state-law conviction makes an alien re-

movable if its elements are no broader than those of a qualifying federal crime. *Moncrieffe v. Holder*, 569 U.S. 184, 190-91 (2013). Alexis Martinez contends that he is not removable because the New Jersey drug-trafficking law of which he was convicted is broader than its federal counterpart. First, he argues that although both laws extend to attempts, New Jersey's attempt law is broader because it sweeps in mere preparation and solicitation. But both laws track the Model Penal Code, treating some preparation and solicitations as attempts if they are substantial steps toward a crime. So the laws are coextensive.

Second, Martinez argues that New Jersey's list of drugs includes a substance not found on the current federal list. But we look to the lists on the date of his conviction. On that date, the New Jersey list was no broader than the federal list. So Martinez was convicted of a controlled-substance offense, making him removable. That crime was also an aggravated felony, making him ineligible for cancellation of removal.

## I. BACKGROUND

Martinez is a citizen of the Dominican Republic and a lawful permanent resident of the United States. In 2005, he and his confederates sold one kilogram of cocaine to an undercover detective and a cooperating witness. He was charged with four crimes under New Jersey law: possessing cocaine, N.J. Stat. Ann. §2C:35-10(a)(1); possessing cocaine with intent to distribute, *id.* §2C:35-5(a)(1), (b)(1); distributing cocaine, *id.*; and conspiring to possess cocaine with intent to distribute, *id.* §2C:5-2. For the latter three counts, the court instructed the jury that it could convict Martinez for attempting to transfer

3

cocaine or to aid another in distributing cocaine. The jury convicted on all four counts, and the judge sentenced Martinez to twenty years' imprisonment.

In 2010, the Department of Homeland Security charged Martinez as removable on two grounds: First, the government claimed that Martinez's drug-distribution convictions under N.J. Stat. Ann. § 2C:35-5(a)(1) & (b)(1) match the federal Controlled Substances Act's ban on drug trafficking, 21 U.S.C. § 841(a)(1). If that is true, then Martinez was convicted of an aggravated felony, making him removable under 8 U.S.C. § 1227(a)(2)(A)(iii). *See* 8 U.S.C. § 1101(a)(43)(B). Second, the government claimed that Martinez's convictions relate to federally controlled substances. *See* 21 U.S.C. § 802(6). If that is true, then Martinez was convicted of a controlled-substance offense, making him removable under 8 U.S.C. § 1227(a)(2)(B)(i).

The immigration judge sustained the charges. Martinez appealed, raising the arguments outlined above. The Board of Immigration Appeals rejected both arguments on the merits, and Martinez petitions for review.

Because Martinez raises questions of law, we have jurisdiction to review the Board's final order. 8 U.S.C. § 1252(a). We review de novo. *Singh v. Att'y Gen.*, 839 F.3d 273, 282 (3d Cir. 2016).

## II. NEW JERSEY'S ATTEMPT LAW IS NO BROADER THAN FEDERAL LAW

Martinez argues that he was not convicted of an aggravated felony. Under the categorical approach, "[w]e look 'not to the

4

facts of the particular prior case, but instead to whether the state statute defining the crime of conviction categorically fits within the generic federal definition of a corresponding aggravated felony.'" *Id.* at 278 (quoting *Moncrieffe*, 569 U.S. at 190). We "presume that the conviction rested upon nothing more than the least of the acts criminalized, and then determine whether" the generic federal offense encompasses "even those acts." *Id.*

Here, Martinez's drug-distribution convictions could have rested on a mere attempt. And Martinez does not dispute that the New Jersey and federal drug-distribution laws are materially identical in most respects. *Compare* 21 U.S.C. § 841(a)(1) *with* N.J. Stat. Ann. § 2C:35-5(a)(1). But he contends that they treat attempt differently.

**A.  Both New Jersey and federal attempt law follow the Model Penal Code**

So Martinez must show that New Jersey's attempt law is broader than federal attempt law. He cannot. Both jurisdictions follow the Model Penal Code's approach to attempts.

The Model Penal Code defines an "attempt" as a purposeful act or omission that "constitut[es] a substantial step in a course of conduct planned to culminate in [the] commission of the crime." Model Penal Code § 5.01(1)(c). It defines a "substantial step" as an act that is "strongly corroborative of the actor's criminal purpose." *Id.* § 5.01(2). It also lists seven actions that may satisfy that requirement. *Id.* That list includes solicitation. *Id.*

5

Federal attempt law follows that framework. Most federal courts follow the Model Penal Code's doctrine of attempt liability. *See United States v. Dworken*, 855 F.2d 12, 16 (1st Cir. 1988) (collecting cases from seven circuits); *Ming Lam Sui v. INS*, 250 F.3d 105, 116 (2d Cir. 2001) (using the Model Penal Code's definition of attempt under the Immigration and Nationality Act). Our circuit likewise applies the Model Penal Code's approach to the Controlled Substances Act. *United States v. Glass*, ___ F.3d ___, No. 16-2906, 2018 WL 4443889, at *3 n.3 (3d Cir. Aug. 22, 2018). So we too require a "substantial step toward commission of the crime" that "strongly corroborat[es] the firmness of a defendant's criminal purpose." *United States v. Cicco*, 10 F.3d 980, 985 (3d Cir. 1993).

New Jersey has adopted that definition almost verbatim by statute. It defines attempt as a purposeful "act or omission constituting a substantial step in a course of conduct planned to culminate in [the] commission of the crime." N.J. Stat. Ann. § 2C:5-1(a)(3). And a "substantial step" must be "strongly corroborative of the actor's criminal purpose." *Id.* § 2C:5-1(b). It does not include the Model Penal Code's list of seven examples that can qualify as substantial steps, including solicitation. But the lack of a list of illustrations makes no difference. *See State v. Sunzar*, 751 A.2d 627, 632 (N.J. Super. 1999) (stating that the omission of the Model Penal Code's list of examples does not prevent solicitation from amounting to attempt). There is no daylight between the federal and New Jersey formulations.

Martinez offers two responses. Neither is convincing.

**B. New Jersey law does not reach more preparation than federal law**

Martinez first responds that New Jersey law treats more forms of inchoate preparation for a crime as attempt than federal law does. In support, he cites *State v. Fornino*, 539 A.2d 301 (N.J. App. Div. 1988). In dicta, *Fornino* stated: "It is only 'very remote preparatory acts' which are excluded from the ambit of attempt liability." *Id.* at 306 (quoting 2 *New Jersey Penal Code Commentary* 118 (1971)). But that was a case about plain error. The defendant argued that the trial court should have instructed the jury that "preparation is insufficient … for an attempt." *Id.* The defendant had not objected, however. So the court found only that the failure to give the instruction was not plain error. *Id.* It did not have occasion to affirmatively define attempt liability. *Fornino* simply noted that "some preparation may amount to an attempt. It is a question of degree." *Id.* (quoting *State v. Mandujano*, 499 F.2d 370, 377 (5th Cir. 1974)). So New Jersey courts wrestle with drawing that line, just as federal courts and the Model Penal Code do.

If *Fornino* left any doubt, the New Jersey Supreme Court has since resolved it. In *State v. Farrad*, the court stated that New Jersey law "distinguish[es] between mere preparation and the substantial step requirement of an attempt." 753 A.2d 648, 653 (N.J. 2000). *Farrad* held there was enough evidence of attempted robbery when the defendant surveilled a restaurant, covered his face, and walked up to the cashier with a loaded gun. *Id.* at 659. That evidence "demonstrated a purpose to rob and substantial steps that were taken toward completion of the intended robbery." *Id.* This reasoning tracks that of the Model

7

Penal Code and federal law. So the most recent explanation by New Jersey's highest court mirrors federal law: a substantial step is required.

### C. Both New Jersey and federal law treat some solicitations as attempts

Martinez's second, stronger response is that New Jersey attempt law extends beyond federal law because New Jersey considers solicitation to be attempt. But solicitation does not amount to an attempt unless it is "strongly corroborative of the actor's criminal purpose." *State v. Sunzar*, 751 A.2d 627, 632 (N.J. Super. Ct. Law Div. 1999). "[M]ere solicitation, even when unaccompanied by any other act in furtherance, *can* constitute an attempt." *Id.* (emphasis added). So not all solicitations qualify. The strongly-corroborative requirement "protects against criminal liability for idle requests that are not meant to be taken seriously." *Id.* (citing *Fornino*, 539 A.2d at 541).

New Jersey's approach, like that of federal law, follows the Model Penal Code. Both federal law and the Model Penal Code recognize that "solicitation accompanied by the requisite intent may constitute an attempt." *United States v. Am. Airlines, Inc.*, 743 F.2d 1114, 1121 (5th Cir. 1984); *see, e.g.*, *United States v. Cornelio-Pena*, 435 F.3d 1279, 1286-87 (10th Cir. 2006); Model Penal Code § 5.01(2)(g). Our Court agrees. *Glass*, ___ F.3d ___, 2018 WL 4443889, at *3 n.3. So New Jersey law tracks federal law: Solicitation may amount to an attempt when it strongly corroborates the actor's criminal purpose. Not all solicitations make the cut, but some do.

8

In reply, Martinez cites several cases, but they are either inapposite or unpersuasive. Two of them dealt with state laws that differed materially from New Jersey's. To start, *Coronado-Durazo v. INS* involved a conviction for solicitation to possess a narcotic. 123 F.3d 1322, 1323 (9th Cir. 1997). Under Arizona law, that crime was separate from attempt and had its own distinct requirements for physical acts and mental state. *Id.* at 1324-26. It was not a subset of attempt liability.

Similarly, *United States v. Ibarra-Luna* involved a Texas law encompassing a "mere offer to sell, without evidence of possession or transfer." 628 F.3d 712, 715-16 (5th Cir. 2010). A mere offer to sell, without even possession of drugs, arguably does not strongly corroborate the actor's criminal purpose. And the government even conceded that the law did not categorically match the federal Controlled Substances Act. *Id.* at 716. Those cases are a far cry from Martinez's conviction for "possess[ing] … with intent to manufacture, distribute, or dispense, a controlled dangerous substance." N.J. Stat. Ann. §2C:35-5(a)(1).

Another of Martinez's cases, *United States v. Dolt*, is inapposite as well as unpersuasive. 27 F.3d 235 (6th Cir. 1994). It is inapposite because it rested in part on a Florida state-court ruling "that solicitation and attempt are separate and distinct crimes." *Id.* at 239. It is unpersuasive because it concluded that, unlike attempt, "solicitation does not require an overt act on the part of the defendant." *Id.* But as explained above, federal attempt law follows the Model Penal Code in requiring only a substantial step, which may include solicitation. Attempt requires no overt act by the defendant himself.

Martinez's strongest authority is *Sandoval v. Sessions*, but it is also unpersuasive. 866 F.3d 986 (9th Cir. 2017). There, the Ninth Circuit confronted an Oregon drug-delivery statute that resembles New Jersey's drug-trafficking law. *Compare id.* at 990-91, *with* N.J. Stat. Ann. §2C:35-5(a)(1). Like New Jersey, Oregon required a "substantial step" that is "strongly corroborative of the actor's criminal purpose." *Sandoval*, 866 F.3d at 991 (quoting *State v. Pollock*, 73 P.3d 297, 300 (Or. App. 2003), *aff'd on other grounds,* 102 P.3d 684 (Or. 2004)). And, like New Jersey, Oregon allowed solicitation to amount to attempt. *Id.* at 990. Yet the Ninth Circuit held that the Oregon law was broader than federal law. "Although [it may be] strongly corroborative of intent to commit a crime," the court reasoned, "offering to deliver a controlled substance does not cross the line between preparation and attempt for the purposes of the [federal] Controlled Substances Act." *Id.*

We disagree. As explained above, federal attempt law is explicitly based on the Model Penal Code. Both provide that *any* substantial step that strongly corroborates the actor's criminal purpose amounts to an attempt. Model Penal Code §5.01(2). The Model Penal Code specifies that solicitation "shall not be held insufficient as a matter of law" if it is strongly corroborative, as we and other circuits recognize. *Id.* §5.01(2)(g); *see, e.g.*, *Glass*, ___ F.3d ___, 2018 WL 4443889, at *3 n.3; *Am. Airlines*, 743 F.2d at 1121.

We see no reason to reject the Model Penal Code. Our precedent embraces it. Solicitation, like any number of other acts, can amount to a federal attempt. So New Jersey attempt law is

10

no broader than federal law. Martinez's conviction is thus an aggravated felony, making him removable.

### III. WHEN COMPARING DRUG SCHEDULES, WE LOOK TO THE DATE OF CONVICTION

Martinez also argues that he was not convicted of a controlled-substance offense. He concedes that the statute is divisible and that he was convicted of violating N.J. Stat. Ann. § 2C:35-5(b)(1). *See Mathis v. United States*, 136 S. Ct. 2243, 2248-49 (2016). But he claims that his conviction does not necessarily "relat[e] to a [federally] controlled substance" because the New Jersey list of controlled substances is currently broader than the federal lists. 8 U.S.C. § 1227(a)(2)(B)(i).

To be sure, the New Jersey statute criminalizes *any* derivative of coca leaves. N.J. Stat. Ann. § 2C:35-5(b)(1). And federal law *currently* exempts [123I]ioflupane, a derivative of coca leaves, from the lists. 21 C.F.R. § 1308.12(b)(4). But that exemption was not in place when Martinez was convicted. *See* 21 C.F.R. § 1308.12(b)(4) (2008) (effective Dec. 10, 2007 to Aug. 29, 2009). So Martinez's argument depends on the premise that the present lists control, not the lists in effect when he was convicted.

But the categorical approach directs us to compare the schedules at the time of conviction. In *Mellouli v. Lynch*, the Court held that the petitioner's state-law conviction did not make him removable because, "*at the time of [his] conviction*, [the state] schedules included at least nine substances not included in the federal lists." 135 S. Ct. 1980, 1984 (2015) (em-

11

phasis added); *accord id.* at 1988. That is the reverse of Martinez's situation. But *Mellouli*'s logic applies equally here, at least where the federal drug schedules narrow after conviction. *See Doe v. Sessions*, 886 F.3d 203, 208-09 (2d Cir. 2018) (holding that the federal drug schedule "in effect at the time of conviction" governs).

As a final point, under *Chenery*, we may not uphold the Board of Immigration Appeals' decision on this basis unless the Board articulated it. *Orabi v. Att'y Gen.*, 738 F.3d 535, 539 (3d Cir. 2014) (citing *SEC v. Chenery Corp.*, 332 U.S. 194, 196 (1947)). Here, the Board's reasoning is terse and hard to follow on this point. Yet the Board did cite *Mellouli*, the key case that specifies the date of conviction as controlling. While this reasoning is barely sufficient, its citation signals that the Board looked to the date of conviction, following *Mellouli*'s instruction.

\* \* \* \* \*

New Jersey attempt law is coextensive with federal law. Both require a substantial step that strongly corroborates the actor's criminal purpose; both hold that solicitation can count as a substantial step. And we look to the date of Martinez's conviction, when the federal and New Jersey lists of controlled substances were identical. So Martinez was convicted of a controlled-substance offense that is an aggravated felony as well. He is thus removable and ineligible for cancellation of removal. We will deny his petition for review.

12