**AMENDED ALD-083**                                        **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 19-2874
_____

FREUD LABARRIERE,
                                          Petitioner

v.

ATTORNEY GENERAL UNITED STATES OF AMERICA
_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A042-148-256)
Immigration Judge:  Honorable Alice Song Hartye
_____

Submitted on Motion to Dismiss for Lack of Jurisdiction or, Alternatively, to Summarily
Deny the Petition for Review
January 9, 2020
Before:  MCKEE, SHWARTZ and PHIPPS, <u>Circuit</u> <u>Judges</u>

(Opinion filed: April 30, 2020)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Pro se petitioner Freud Labarriere petitions for review of a final order of removal. The Government has filed a motion to dismiss for lack of jurisdiction or, in the alternative, for summary disposition. We will grant the Government's motion and dismiss the petition for review in part and summarily deny it in part. See 3d Cir. L.A.R. 27.4.

Labarriere is a citizen of Haiti. He entered the United States as a lawful permanent resident in 1989. In 2018, the Department of Homeland Security charged him with being removable as an alien who had been convicted of a law relating to a controlled substance. See 8 U.S.C. § 1227(a)(2)(B)(i). Through counsel, Labarriere conceded removability, see A.R. at 221, but applied for cancellation of removal, see 8 U.S.C. § 1229b(a).

An Immigration Judge (IJ) granted cancellation of removal, concluding that Labarriere's positive equities outweighed the negative factors. The Government appealed, and the Board of Immigration Appeals (BIA) sustained the appeal. The BIA concluded that there was "considerable evidence of [Labarriere's] undesirability," including his "extensive history of repeated criminal offenses," his failure to pay taxes, his substantial child-support arrears, and his failure to show rehabilitation. BIA Op. at 2. The BIA noted that there were some positive equities—most notably Labarriere's lengthy residence in the United States, as well as his three United-States-citizen children and employment history—but that those equities were outweighed by the negative evidence. The BIA also rejected Labarriere's argument that, due to a December 2018 amendment to the Controlled Substances Act that excluded hemp from its coverage, his drug conviction

2

no longer categorically qualified as a controlled-substance offense under § 1227(a)(2)(B)(i). The BIA ruled that it would not consider this argument because Labarriere had not filed a notice of appeal and because counsel had conceded removability before the IJ. The BIA then explained that even if it were to consider the argument on the merits, the argument would fail because the removability analysis requires the agency to compare the statute of conviction to the federal statute at the time of the conviction, rendering any subsequent amendment irrelevant. Labarriere filed a timely petition for review to this Court. He has also filed a motion to terminate his removal proceedings.

We generally have jurisdiction to review a final order of removal under 8 U.S.C. § 1252(a)(1). However, our jurisdiction is limited here in two important ways. First, since Labarriere is removable on the basis of his controlled-substance conviction, we may review only questions of law and constitutional claims. See 8 U.S.C. § 1252(a)(2)(C), (D). Second, we lack jurisdiction over the discretionary aspects of the BIA's denial of cancellation of removal. See 8 U.S.C. § 1252(a)(2)(B)(i); Mejia-Castanon v. Att'y Gen., 931 F.3d 224, 232 (3d Cir. 2019).

In his brief, Labarriere first argues that the BIA, in reaching its decision on his cancellation-of-removal application, improperly failed to defer to the IJ's factual findings. We disagree. The BIA did not disturb the IJ's underlying factual findings; instead, it disagreed with the IJ's discretionary balancing and re-weighed the positive and

3

negative factors that the IJ identified.[1]  This was permissible: 8 C.F.R. § 1003.1(d)(3)(ii)

directs the BIA to perform de novo review of discretionary decisions of immigration

judges.  See also Myrie v. Att'y Gen., 855 F.3d 509, 516 (3d Cir. 2017) (noting that the

BIA's "authority to review questions of law, discretion, and judgment is *de novo*").

Accordingly, we will deny the petition for review to the extent that Labarriere claims that

the BIA applied the incorrect standard of review.  To the extent that Labarriere

challenges the BIA's discretionary judgment, including the way in which it weighed the

evidence, we will dismiss the petition for review for lack of jurisdiction.  See Mejia-

Castanon, 931 F.3d at 232; see generally Jarbough v. Att'y Gen., 483 F.3d 184, 189 (3d

Cir. 2007).

Labarriere also argues that the BIA violated his due-process rights by failing to

remand the matter after he claimed that his drug conviction no longer qualified as a

---

[1] Labarriere claims that the BIA rejected "[t]he IJ's rehabilitation and recidivism
determination."  Br. at 7.  That is not the case.  The IJ and the BIA were consistent in
describing Labarriere's criminal history.  See IJ Op. at 3 (stating that Labarriere "has a
significant criminal record in the United States"); BIA Op. at 2 (referring to Labarriere's
"extremely long pattern of criminal activity).  Likewise, neither the IJ nor the BIA
determined that Labarriere had been successfully rehabilitated.  See IJ Op. at 4 (noting
that Labarriere "appears to minimize his culpability"); IJ Op. at 6 (noting that
Labarriere's lengthy criminal history and failure to attend court proceedings "seem[] to
support a finding that [he] does not respect the law"); BIA Op. at 2 (concluding that
Labarriere's "extremely long pattern of criminal history, including repeated arrests and
convictions for the same crimes, and his decision to repeatedly ignore court appearances,
are factors indicating a lack of rehabilitation").  Moreover, while the IJ concluded that
Labarriere "appears to be genuine in his desire to . . . rehabilitate himself," IJ Op. at 6, the
BIA acknowledged this conclusion and did not purport to overrule it, see BIA Op. at 2.
Nevertheless, the BIA determined that Labarriere's desire for rehabilitation did not
outweigh the negative factors, which was the type of discretionary decision it was entitled
to make de novo.  See Noble v. Keisler, 505 F.3d 73, 78–79 (2d Cir. 2007).

controlled-substance offense in light of an amendment to the Controlled Substances Act (CSA). However, the BIA acted in accordance with its precedent in requiring Labarriere to file a cross-appeal if he wished to challenge aspects of the IJ's decision. See In re R-A-M-, 25 I. & N. Dec. 657, 663 n.2 (BIA 2012); In re G-A-, 23 I. & N. Dec. 366, 372 n.1 (BIA 2002). Even more fundamentally, the BIA was correct that "the categorical approach directs us to compare the schedules at the time of conviction," not as they currently exist. Martinez v. Att'y Gen., 906 F.3d 281, 287 (3d Cir. 2018). Thus, because the amendment to the CSA would not affect the result of the case, there was no reason for the BIA to remand, and it did not violate due process in ruling as it did. Cf. Li Hua Yuan v. Att'y Gen., 642 F.3d 420, 427 (3d Cir. 2011) (noting that "remand to the agency is not required when it would be an idle and useless formality" (citation and quotation marks omitted)).

Accordingly, we grant the Government's motion and will dismiss the petition for review in part and summarily deny the petition in part. Labarriere's *motion to terminate the removal proceedings is denied.[2]

---

[2] In his motion, Labarriere argues that the agency erred in determining that he was removable based on his criminal offenses. However, his counsel conceded removability before the IJ, and Labarriere did not challenge the removability determination before the BIA. He has therefore failed to exhaust any such argument. See generally 8 U.S.C. § 1252(d)(1); Lin v. Att'y Gen., 543 F.3d 114, 119–21 (3d Cir. 2008). To the extent that that Labarriere also requests a stay, it is denied.