**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 17-2405
_____

BILLY BALISAGE, a/k/a Billie Geam, a/k/a Jackson Peterson,
Petitioner

v.

ATTORNEY GENERAL UNITED STATES OF AMERICA
_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A041-487-301)
Immigration Judge:  Honorable Mirlande Tadal

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
March 25, 2019
Before:  MCKEE, COWEN, and ROTH, <u>Circuit</u> <u>Judges</u>

(Opinion filed: May 5, 2021)
_____

OPINION[*]
_____

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

PER CURIAM

Billy Balisage, proceeding pro se, petitions for review of a decision of the Board of Immigration Appeals dismissing his appeal of an Immigration Judge's order to remove him from the United States. For the reasons that follow, we will deny the petition for review.

Balisage is a native and citizen of Haiti who was admitted to the United States in 1989. In 1998, Balisage pleaded guilty in New Jersey state court to possession with intent to distribute a controlled dangerous substance in violation of N.J. Stat. Ann. § 2C:35-5(a)(1) and § 2C:35-5(b)(3). In 2015, the Department of Homeland Security issued a notice to appear charging that Balisage was subject to removal because he had been convicted of an aggravated felony – illicit trafficking in a controlled substance – and of violating a law relating to a controlled substance. See 8 U.S.C. §§ 1101(a)(43)(B), 1227(a)(2)(A)(iii), and 1227(a)(2)(B)(i).

An Immigration Judge sustained the charges of removability and denied Balisage's applications for relief from removal. On appeal, the BIA ruled that Balisage is removable and ineligible for a waiver of inadmissibility. This petition for review followed.[1]

---

[1] The BIA also rejected Balisage's argument that he was denied due process and stated that he had not established his eligibility for relief from removal. Balisage does not challenge these rulings and we do not consider them. In addition, the BIA ruled that Balisage was not convicted of an aggravated felony under the "illicit trafficking" route and it is thus unnecessary to consider his arguments in this regard.

We have jurisdiction to review a final removal order pursuant to 8 U.S.C. § 1252(d). Our jurisdiction is limited to constitutional claims and question of law because Balisage was found removable for having been convicted of an aggravated felony and a controlled substance violation. 8 U.S.C. § 1252(a)(2)(C),(D). Our standard of review is de novo. Martinez v. Att'y Gen., 906 F.3d 281, 284 (3d Cir. 2018).

The Government has moved to dismiss the petition for review on the ground that Balisage has not raised a colorable constitutional claim or legal question in his Informal Brief. Balisage asserts therein that he has proceedings pending in state court, but, to the extent he is challenging his conviction, a conviction is final for immigration purposes once direct appellate review has been exhausted or waived, Orabi v. Att'y Gen., 738 F.3d 535, 543 (3d Cir. 2014), and Balisage's conviction became final long ago. While we agree that this assertion does not raise a colorable question, Balisage filed a Brief in Support of Appeal shortly after the Government filed its motion to dismiss raising legal arguments that he had raised in an earlier motion to stay his removal. We conclude that we have jurisdiction to review these arguments and deny the motion to dismiss.

Balisage first contends that he is not removable as an aggravated felon or for having been convicted of a violation of a law relating to a controlled substance because the drugs encompassed in his state statute of conviction are different than the federally controlled substances incorporated in the statutory removal provisions. He states that he was convicted of possession with intent to distribute "[h]eroin, or its analog, or coca

3

leaves and any salt, compound, derivative, or preparation of coca leaves, and any salt, compound, derivative, or preparation thereof which is chemically equivalent or identical with any of these substances, or analogs, . . .," see N.J. Stat. Ann. § 2C:35-5(b)(1),(3), and that ioflupane, a derivative of coca leaves, was removed from the schedules of the Controlled Substances Act, 21 U.S.C. §§ 801 et seq., in 2015. Balisage argues that, because his statute of conviction encompasses a non-federally controlled substance, he is not removable under the categorical approach to determining whether an offense constitutes a ground for removal.

Balisage's argument is foreclosed by Martinez, 906 F.3d at 287, which addressed the same argument and held that the drug schedules must be compared at the time of the conviction.[2] As Balisage recognizes, federal law did not exempt ioflupane when he was convicted. Although the BIA rejected Balisage's argument for another reason, the same was true in Martinez and we held that we could uphold the BIA's decision on this basis. We explained that the BIA's reasoning was terse and hard to follow, but that it had cited Mellouli v. Lynch, 135 S. Ct. 1980 (2015), the case that provides that the date of conviction is controlling, and thereby signaled that it looked to the date of conviction. Id. The same is true here.

Balisage also argues that his conviction for possession with intent to distribute a

_____

[2]This case was stayed pending a decision in Martinez. The parties had the opportunity to file supplemental briefs addressing the decision.

4

controlled dangerous substance under § 2C:35-5(a)(1) is not an aggravated felony because the state statute does not necessarily proscribe conduct that is an offense under the Controlled Substances Act.[3] He contends that, while "distribute" includes attempted distribution and criminal attempt requires a "substantial step" towards the commission of a crime under both New Jersey and federal law, these laws differ as to what conduct constitutes a "substantial step." Balisage argues that New Jersey and federal law treat preparation for, and solicitation of, a crime differently. We rejected these same arguments in Martinez and held that New Jersey attempt law is no broader than federal law. Martinez, 906 F.3d at 284-87.[4]

Finally, Balisage asserts that he is eligible for a waiver of inadmissibility under 8 U.S.C. § 1182(h). The BIA rejected this argument because § 1182(h) allows a waiver where a controlled substance offense relates to a single offense of possession of 30 grams or less of marijuana and that is not the case here. Balisage does not address the BIA's rationale and has not shown that the BIA erred.

Accordingly, we will deny the petition for review.

---

[3]Both the New Jersey and the federal statute make it unlawful to manufacture, distribute or dispense, or to possess with the intent to manufacture, distribute or dispense, a controlled substance. See N.J. Stat Ann. § 2C:35-5(a)(1); 21 U.S.C. § 841(a)(1).
[4]Balisage raised these arguments on appeal to the BIA, but the BIA did not address them. Although a remand to an agency is generally required for a decision of a matter that a statute places primarily in the agency's hands, I.N.S. v. Ventura, 537 U.S. 12, 16 (2002), our decision in Martinez controls the legal question presented here.