252 April 24, 2024 No. 269

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

LUIS DURAN BARAJAS,
aka Luis Duran-Barajas, aka Luis DuranBarajas,
*Defendant-Appellant.*

Clackamas County Circuit Court
20CR64156; A178499

Jeffrey S. Jones, Judge.

Argued September 20, 2023.

Zachary J. Stern argued the cause for appellant. Also on the briefs was Stern Law.

Rolf C. Moan, Assistant Attorney General, argued the cause for respondent. Also on the brief were Ellen F. Rosenblum, Attorney General, and Benjamin Gutman, Solicitor General.

Before Shorr, Presiding Judge, Mooney, Judge, and Pagán, Judge.

SHORR, P. J.

Affirmed.

**SHORR, P. J.**

Defendant appeals from a judgment of conviction for one count of delivery of methamphetamine, ORS 475.890(2), and one count of unlawful possession of methamphetamine, ORS 475.894(2)(b), following a bench trial. In his first assignment of error, defendant assigns error to the trial court's denial of his motion to suppress evidence that was discovered following a warrantless search of defendant's car at the time of arrest. In his second assignment of error, he challenges the trial court's denial of his motion for judgment of acquittal on the delivery charge. We affirm.

We briefly recount the facts, which are undisputed. Prior to the day of defendant's arrest, an informant for the police arranged to purchase several pounds of methamphetamine from defendant. On the agreed-upon date and time, defendant arrived at the appointed location, notified the informant that he had arrived, waited a few minutes and rummaged in the back of the open trunk of the car, and then departed the area without completing the transaction. Police officers followed defendant and initiated a stop when defendant was observed committing a traffic infraction. A drug detection dog was deployed and alerted to the presence of controlled substances. Defendant was detained and removed from the vehicle. Officers searched the vehicle, without obtaining a warrant, and discovered five pounds of methamphetamine in a bag in the trunk of the car.

*Motion to suppress.* Before trial, defendant filed a motion to suppress the drugs, arguing that the warrantless search of his vehicle was unlawful under Article I, section 9, of the Oregon Constitution.[1] The trial court initially ruled that the search was lawful pursuant to the "automobile exception" to the warrant requirement and denied the motion to suppress. Subsequent to that ruling, the Oregon Supreme Court decided *State v. McCarthy*, 369 Or 129, 501 P3d 478 (2021), which abrogated the automobile exception. Defendant moved for reconsideration of his motion to suppress, and the court again denied the motion, concluding

---

[1] "No law shall violate the right of the people to be secure in their persons, houses, papers, and effects, against unreasonable search, or seizure[.]" Or Const, Art I, § 9.

that the search was justified pursuant to the "search incident to arrest" exception to the warrant requirement. We review the denial of a motion to suppress for legal error. *State v. Lipka*, 314 Or App 154, 155, 498 P3d 811, *rev dismissed*, 368 Or 703 (2021).

In *State v. Krause*, 281 Or App 143, 383 P3d 307 (2016), we held that a search incident to arrest may be performed for the purpose of discovering evidence of the crime of arrest, even if a suspect has been removed from the immediate area to be searched, "as long as the evidence reasonably could be found in that area and the search is otherwise reasonable in time, scope, and intensity." *Krause*, 281 Or App at 146. Defendant initially asserts that *Krause* was wrongly decided and is no longer controlling in the wake of *McCarthy*. We considered and rejected that argument in *State v. Stevens*, 329 Or App 118, 540 P3d 50 (2023), and affirmed that *Krause* remains controlling.

Defendant additionally argues that, even under the standards set forth in *Krause*, the search conducted here was unlawful. Defendant asserts that the search was improper because (1) the officers did not have probable cause to arrest him for conspiracy to deliver methamphetamine, thus rendering the arrest unlawful; (2) conspiracy is not a crime for which there ordinarily are "fruits" or "instrumentalities" to be discovered in a physical search of a vehicle; and (3) the locked trunk of the car was not an area under defendant's immediate physical control while he was driving the vehicle. Defendant further argues that the trial court erred when it considered that, in addition to conspiracy, the police had probable cause to arrest defendant for possession and delivery of methamphetamine and were permitted to search the vehicle for evidence of those crimes as well as conspiracy.

We are unpersuaded by defendant's arguments. We do not need to reach a conclusion about the lawfulness of the arrest for conspiracy, and the validity of the search in the context of that crime, because we conclude that the arrest and subsequent search were valid based on the existence of probable cause to arrest defendant for possession and delivery of methamphetamine. *State v. Cloman*, 254 Or 1, 12, 456 P2d 67 (1969) ("We hold that if the officers had

probable cause to arrest, the arrest made is not rendered illegal because the officers expressed another and improper cause for arrest."). "From a constitutional perspective, two components comprise probable cause: '[a]n officer must subjectively believe that a crime has been committed and thus that a person or thing is subject to seizure, and this belief must be objectively reasonable in the circumstances.'" *State v. Pollock*, 337 Or 618, 623, 102 P3d 684 (2004) (quoting *State v. Owens*, 302 Or 196, 204, 729 P2d 524 (1986) (footnote omitted)). In *State v. Miller*, 345 Or 176, 186, 191 P3d 651 (2008), the Supreme Court stated,

> "For the purposes of the subjective component of the probable cause inquiry, it is sufficient if the trial court finds (and there is evidence to support its findings) that the officer reasonably believed that he had lawful authority to act, even if the officer's subjective basis for acting turns out to be incorrect. Of course, in order to prove a valid arrest, the state also must establish, in addition to the officer's subjective belief that he or she had lawful authority to act, that the facts objectively are sufficient to establish probable cause."

The officers knew that defendant had agreed to provide a large quantity of drugs, at a particular time and location; had showed up at that location; and had notified the buyer that he had arrived. Once defendant had been stopped for a traffic violation, a drug detection dog alerted to the presence of contraband.[2] Those facts, along with the officers' subjective belief that they had lawful authority to arrest defendant, are objectively sufficient to establish probable cause to arrest defendant for possession and delivery.

We further conclude that the search of the vehicle was lawful because "the evidence reasonably could be found in that area and the search [was] otherwise reasonable in time, scope, and intensity." *Krause*, 281 Or App at 146. Defendant had been observed only minutes earlier standing at the back of the open trunk of the car while at the agreed-upon rendezvous point for the drug delivery. The officers searched a bag that reasonably could have contained, and did contain, the large amount of methamphetamine that

---

[2] Defendant does not contend that the dog sniff constituted an illegal search or seizure or otherwise unlawfully extended the stop.

defendant had agreed to deliver to the informant. The search occurred immediately after defendant's arrest and removal from the vehicle. We therefore conclude that the search was lawful incident to defendant's arrest and that the trial court did not err in denying defendant's motion to suppress.

*Motion for judgment of acquittal.* Defendant asserts that the court erred in failing to acquit him of the delivery of methamphetamine charge, arguing that the state presented insufficient evidence to prove beyond a reasonable doubt that he engaged in an "attempted transfer."[3] We review the denial of a motion for judgment of acquittal to determine whether, viewing the evidence in the light most favorable to the state, a rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *State v. Hirschman*, 279 Or App 338, 344, 379 P3d 616 (2016).

"Delivery" of a controlled substance is defined as "the actual, constructive or attempted transfer, other than by administering or dispensing, from one person to another[.]" ORS 475.005(8). In *State v. Hubbell*, 371 Or 340, 359, 537 P3d 503 (2023), the Supreme Court clarified that, in order to convict an individual for delivery of a controlled substance on an "attempted transfer" theory, the state must prove that the person made "some effort to undertake the *act or acts* of causing controlled substances to pass from one person to another." (Emphasis in original.) In so holding, the court rejected the rationale of *State v. Boyd*, 92 Or App 51, 756 P2d 1276, *rev den*, 307 Or 77 (1988), which had held that an "attempted transfer" could be established by evidence constituting the inchoate crime of attempt, requiring only that the individual had taken a "substantial step" toward commission of the crime. *Hubbell*, 371 Or at 357.

Defendant asserts that the evidence presented at trial did not demonstrate that he engaged in any effort to relinquish control of the methamphetamine, and that he left the location of his own volition before his acts reached the level of an "attempted transfer." We disagree. Defendant arranged the meeting for the sale of the methamphetamine,

---

[3] Defendant made this argument during closing arguments, which, in a bench trial, is functionally equivalent to a motion for judgment of acquittal. *State v. Gonzalez-Valenzuela*, 358 Or 451, 454 n 1, 365 P3d 116 (2015).

including the time, place, amount, and price; he drove to the location with the large amount of methamphetamine in his possession, and notified the potential buyer of his arrival. Viewed in the light most favorable to the state, the evidence was sufficient for the trial court to conclude that those acts constituted some effort to cause the controlled substance to pass from one person to another.

Affirmed.