# Matter of Jonalson DOR, Respondent

*Decided March 18, 2025*

U.S. Department of Justice
Executive Office for Immigration Review
Board of Immigration Appeals

The time of conviction is the relevant point for determining whether a respondent's State conviction is for a controlled substance offense under section 237(a)(2)(B)(i) of the Immigration and Nationality Act, 8 U.S.C. § 1227(a)(2)(B)(i) (2018), not the time the respondent's removability is adjudicated in immigration proceedings.

FOR THE RESPONDENT: Claire E. Maguire, Esquire, Lynn, Massachusetts

BEFORE: Board Panel: MALPHRUS, Acting Chief Appellate Immigration Judge; PETTY and CLARK, Appellate Immigration Judges.

MALPHRUS, Acting Chief Appellate Immigration Judge:

In a decision dated July 11, 2024, the Immigration Judge denied the respondent's motion to terminate his removal proceedings, concluding that the respondent had been convicted of a controlled substance offense and was therefore removable from the United States. The respondent appeals from that decision, arguing that when comparing State and Federal controlled substance schedules, the relevant Federal schedule is that which is in place at the time the respondent's charge of removability is finally adjudicated. The appeal will be dismissed.

## I. BACKGROUND

The respondent is a native and citizen of Haiti and a lawful permanent resident of the United States. In August 2018, the respondent was convicted of possessing "marihuana"[1] with intent to manufacture, distribute, dispense, or cultivate in violation of section 32C(a) of chapter 94C of the Massachusetts General Laws. The Department of Homeland Security ("DHS") charged the respondent with removability under section 237(a)(2)(B)(i) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1227(a)(2)(B)(i) (2018), which provides in pertinent part that "[a]ny alien who at any time after admission has been convicted of a violation of . . . any law or regulation of a State . . . relating to a controlled substance (as defined

---

[1]   This order uses the term "marihuana" rather than "marijuana" to accord with the spelling used under Massachusetts and Federal law.

in section 802 of Title 21) . . . is deportable." The respondent filed a motion to terminate his removal proceedings, arguing that the Massachusetts definition of marihuana was overbroad as compared to the Federal definition. The Immigration Judge denied the motion to terminate, and the respondent appealed. We review de novo whether the respondent's conviction is for a controlled substance offense. 8 C.F.R. § 1003.1(d)(3)(ii) (2025).[2]

## II. DISCUSSION

To determine whether the respondent's conviction renders him removable, we employ the categorical approach, under which we ask whether the elements of the respondent's conviction match those of section 237(a)(2)(B)(i) of the INA, 8 U.S.C. § 1227(a)(2)(B)(i). *See Matter of Laguerre*, 28 I&N Dec. 437, 438–39 (BIA 2022). To establish such a match, DHS "must connect an element of the [respondent's] conviction to a drug 'defined in [21 U.S.C. § 802].'" *Mellouli v. Lynch*, 575 U.S. 798, 813 (2015). As it is undisputed that the respondent's conviction involved marihuana, this inquiry necessarily requires that the Massachusetts definition of marihuana match, or be narrower than, the corresponding definition of marihuana in the Federal Controlled Substances Act. Specifically, the parties disagree about the point in time used for this comparison.

In denying the respondent's motion to terminate, the Immigration Judge reasoned that the proper comparison is between the Massachusetts and Federal definitions of marihuana as they existed on the date of the respondent's conviction in August 2018. Comparing the definitions of marihuana at the time of conviction, the Immigration Judge concluded that the respondent is removable because at that time Massachusetts defined marihuana more narrowly than Federal law.[3] According to the respondent, however, the proper comparison should be between the August 2018 Massachusetts definition of marihuana and the current Federal definition, as

---

[2] We first issued a decision in the respondent's case on June 30, 2020. The respondent sought review of that decision, and in *Dor v. Garland*, 46 F.4th 38 (1st Cir. 2022), the United States Court of Appeals for the First Circuit remanded the case for further proceedings. On August 25, 2023, we remanded proceedings to the Immigration Judge. The criminal convictions that were the subject of these prior decisions have since been vacated, and the respondent has withdrawn his applications for relief from removal and sought termination of proceedings. The Immigration Judge's July 11, 2024, order denying the motion to terminate is the only decision presently before us.

[3] In August 2018, Massachusetts law and Federal law defined marihuana identically, except that Massachusetts excluded "industrial hemp." *Compare* Mass. Gen. Laws ch. 94C, § 1 (2018), *with* 21 U.S.C. § 802(16) (2018).

that is the definition in effect when the removal charge is finally adjudicated. Under this approach, he would not be removable because Massachusetts now defines marihuana more broadly than Federal law.[4]

The INA provides that an alien "is deportable" if he "has been convicted of a violation of . . . any law or regulation of a State . . . relating to a [federally] controlled substance." INA § 237(a)(2)(B)(i), 8 U.S.C. § 1227(a)(2)(B)(i). By itself, the statutory text does not resolve the present timing issue.[5] However, four of the United States Courts of Appeals have squarely addressed the issue, and all four have rejected the respondent's time-of-removal argument in favor of using the time of conviction. *Medina-Rodriguez v. Barr*, 979 F.3d 738, 749 (9th Cir. 2020); *Gordon v. U.S. Att'y Gen.*, 962 F.3d 1344, 1351 n.4 (11th Cir. 2020); *Martinez v. Att'y Gen.*, 906 F.3d 281, 287 (3d Cir. 2018); *Doe v. Sessions*, 886 F.3d 203, 208–09 (2d Cir. 2018).[6] Those precedents are controlling in removal proceedings arising in those circuits. *See Matter of Anselmo*, 20 I&N Dec. 25, 31 (BIA 1989) (holding that precedential opinions of the Federal courts of appeals are binding on the Board and Immigration Judges in proceedings arising with those courts' jurisdictions). The United States Court of Appeals for the First Circuit, in whose jurisdiction this case arises, has not squarely addressed the issue. We agree with the circuits that have addressed the issue that the time of conviction is the relevant point for determining whether a respondent's State conviction is for a controlled substance offense under section 237(a)(2)(B)(i) of the INA, 8 U.S.C. § 1227(a)(2)(B)(i), not the time the respondent's removability is adjudicated

---

[4]   Since December 2018, Federal law has defined marihuana to exclude *all* "hemp," whereas Massachusetts continues to exclude only "industrial hemp." *Compare* Mass. Gen. Laws ch. 94C, § 1 (2024), *with* 21 U.S.C.A § 802(16) (West 2024).

[5]   We have previously assumed the time of conviction is the relevant point of comparison, though not in a case where the issue was disputed. *See Matter of Ferreira*, 26 I&N Dec. 415, 418 (BIA 2014). Several courts of appeals have apparently done likewise. *See Aguirre-Zuniga v. Garland*, 37 F.4th 446, 451 (7th Cir. 2022) ("The sole question . . . is whether, at the time of Aguirre-Zuniga's conviction, the definition of 'methamphetamine' was broader under Indiana Statute than federal law."); *Vazquez v. Sessions*, 885 F.3d 862, 870–71 (5th Cir. 2018) (comparing the Oklahoma and Federal controlled substance schedules as they existed at the time of the petitioner's 2013 Oklahoma conviction).

[6]   The Sixth Circuit has cited these precedents favorably in the sentencing context. *United States v. Clark*, 46 F.4th 404, 410 (6th Cir. 2022) (citing *Doe*, *Gordon*, and *Martinez* and explaining "that the justifications for a time-of-conviction rule are most compelling in the immigration context given the immediate removal consequences that flow from criminal convictions").

in immigration proceedings.  In addition to being the best reading of the law, as discussed below, using the time of conviction will promote consistency and predictability in the application of the immigration laws nationwide, which is a very important goal.  *See Matter of C-T-L-*, 25 I&N Dec. 341, 347 (2010).

The respondent claims that because Congress has removed hemp from the Federal marihuana definition, it does not believe possession of hemp for distribution is worthy of deportation.  Thus, he argues that applying the time-of-conviction rule to him "defies" and "exceed[s]" Congress' will and effectively punishes him for past transgressions without due process.  We find these arguments unpersuasive.

Congress' decision to add or remove a substance from the Federal list of controlled substances reflects its judgment regarding whether certain conduct involving that substance should be criminal.  These criminal laws of general applicability are not primarily about immigration, and thus whether offenses involving that substance result in removal is secondary.  Here, the respondent was convicted in 2018 of conduct that was illegal in Massachusetts and under Federal law more generally at the time the conduct occurred, regardless of later variances in how Massachusetts and the Federal Government elected to treat hemp.  "Looking to the criminal law at the time of conviction has the undoubted benefit of attaching immigration consequences to the alien's actual conduct and culpability at the time it occurs."  *Vasquez v. Garland*, 80 F.4th 422, 431 (2d Cir. 2023).  Additionally, in *Brown v. United States*, 602 U.S. 101, 114–15, 123 (2024), the Supreme Court of the United States discussed an analogous point in the criminal sentencing context and held, consistent with the approach we adopt here, "that a state drug conviction counts as an [Armed Career Criminal Act] predicate if it involved a drug on the federal schedules at the time of that offense."

We have traditionally looked to the time of conviction when determining the immigration consequences of convictions, rather than focusing on the current state of the criminal law when a case comes before us in the course of (often protracted) immigration proceedings.  *See Matter of Velasquez-Rios*, 27 I&N Dec. 470, 472 (BIA 2018), *aff'd*, 988 F.3d 1081 (9th Cir. 2021).  The reasoning for the approach we adopt here applies not only in the controlled substance context but also as to criminal convictions more generally.

The respondent also claims that in *Mellouli v. Lynch*, 575 U.S. 798, and *Moncrieffe v. Holder*, 569 U.S. 184 (2013), the Supreme Court assumed that the relevant point of comparison was the time of removal.  But the timing

issue now before us was not presented to the Court in *Mellouli* or *Moncrieffe*, and thus the Court in those cases had no need to decide whether the relevant point is the time of conviction or time of removal. *See United States v. Abdulaziz*, 998 F.3d 519, 530 (1st Cir. 2021) (recognizing that "neither party in *Mellouli* contended that the federal drug schedules had expanded or contracted in any material way between the time of Mellouli's 2010 Kansas conviction and his removal proceedings in 2012"). "Questions which merely lurk in the record, neither brought to the attention of the court nor ruled upon, are not to be considered as having been so decided as to constitute precedents." *Cooper Indus., Inc. v. Aviall Servs., Inc.*, 543 U.S. 157, 170 (2004) (quoting *Webster v. Fall*, 266 U.S. 507, 511 (1925)). Indeed, the necessity of choosing between the two interpretations only arises when (as here) the State and Federal drug schedules match at the time of the respondent's conviction but later diverge before the respondent's removal proceedings become final.

Under the respondent's time-of-removal argument, the immigration consequences of State drug convictions would remain unpredictable and unfixed in time, creating serious notice and retroactivity problems whenever the Federal controlled substance schedules are augmented (rather than narrowed) after a respondent's conviction but before the end of removal proceedings. *Cf. Vasquez*, 80 F.4th at 431 & n.5 (rejecting the retroactive application of State sentencing law to Federal immigration proceedings for similar reasons). Considering that aliens in criminal proceedings must be notified of the immigration consequences of pleas, *Padilla v. Kentucky*, 559 U.S. 356, 369 (2010), we share the Second Circuit's view that "[t]he 'starting place' of the categorical approach should enable 'fair notice and effective assistance of counsel' by focusing on the [Controlled Substances Act] Schedules in effect at the time of conviction." *Doe*, 886 F.3d at 210 (citations omitted). "Such a 'time-of-conviction' rule provides both the Government and the alien with maximum clarity at the point at which it is most critical for an alien to assess (with aid from his defense attorney) whether 'pending criminal charges may carry a risk of adverse immigration consequences.'" *Id.* (quoting *Padilla*, 559 U.S. at 369).

The respondent acknowledges this potential risk but proposes that we alleviate it by applying his time-of-removal argument as a "one-way ratchet," that is, by invoking it except when doing so would cause detriment to the respondent or defy his reliance-based expectations. But that solution misconstrues the problem, which is one of statutory interpretation, not policy. The respondent essentially asks us to interpret the statute in a manner that would systematically violate the presumption against retroactivity, *see Vartelas v. Holder*, 566 U.S. 257, 266 (2012), despite the availability of an

alternative interpretation that poses far fewer retroactivity problems. Moreover, our interpretation ensures a much greater degree of certainty and predictability in removal proceedings. Adopting a construction of the INA that could only be applied to some respondents some of the time would be to espouse "the dangerous principle that judges can give the same statutory text different meanings in different cases." *Clark v. Martinez*, 543 U.S. 371, 386 (2005). We therefore interpret section 237(a)(2)(B)(i) of the INA, 8 U.S.C. § 1227(a)(2)(B)(i), as providing for the removability of any alien who, after admission, was convicted of violating any State law relating to a substance that was federally controlled at the time of the State conviction.

## III. CONCLUSION

For the foregoing reasons, we conclude that the Immigration Judge properly found the respondent removable under section 237(a)(2)(B)(i) of the INA, 8 U.S.C. § 1227(a)(2)(B)(i). No other issues are presented on appeal. We will therefore dismiss the respondent's appeal.

**ORDER:** The appeal is dismissed.